The Court
 

 said they would suspend the argument on the merits for the present, and look into the preliminary question.
 

 On a subsequent day,
 

 Bronson, Ch. J.
 

 said, we have considered the preliminary question which was mentioned on the opening of the argument and are confirmed in the first impression, that an appeal will not lie. In cases of this kind, all the books agree, that the awarding or refusing an issue to be tried at law, and the granting or refusing a new trial, are matters resting entirely in the discretion of the chancellor. He may ask the aid of a jury to inform his conscience, or tie may decide without such assistance. He may order a new trial, although the judge who presided at the circuit is satisfied with the verdict; and he may do it for reasons which would have little or no influence in a court
 
 *565
 
 of law. He may refuse a new trial, although there were errors in point of law at the circuit; and even though dissatisfied with the verdict. He may decree in accordance with the verdict, or he may disregard the finding of the jury, and decree the other way. In short, the jury and the verdict are things which the court may use or let alone, as it sees good. It would seem to be quite obvious, that the order which the court makes on a motion for a new trial is not a proper matter for review in an appellate court. There are two or three cases in England, where the house of lords has reviewed such an order on appeal; but the question whether it was proper to do so was neither made nor considered. In this state it is settled, that there can be no appeal from a decision of the court of chancery, upon a question addressed to its discretion.
 
 (Fort
 
 v.
 
 Bard,
 
 1
 
 Comst.
 
 43;
 
 Schermerhorn
 
 v.
 
 Mohawk Bank, id.
 
 125;
 
 Spaulding
 
 v.
 
 Kingsland, id.
 
 426;
 
 Van Dewater
 
 v.
 
 Kelsey, id.
 
 533;
 
 Marvin
 
 v.
 
 Seymour, id.
 
 535;
 
 Hazelton
 
 V.
 
 Wakeman,
 
 [Nov.
 
 Tr.
 
 48;]
 
 Sherman
 
 v.
 
 Felt,
 
 2
 
 Comst.
 
 186;
 
 Sherman
 
 v.
 
 Daggett, [March Tr.
 
 49.])1 In the case of
 
 Candee
 
 v.
 
 Lord,
 
 (2
 
 Comst.
 
 269,) there was an appeal from an order of the chancellor directing an issue at law; and the appeal was. dismissed after an argument on the merits, on the ground that awarding or refusing the issue was a matter resting in the discretion of the court of chancery.
 

 The parties cannot come here, until after a dpcree on the merits of the controversy. Whether the order in question can then be considered is a point which need not be settled at this
 
 time.
 

 Appeals dismissed.