DANIEL D. SMITH *v.* ABRAHAM M. LEWIS *and* HORTON H. BURLOCK.

Where the issues in an equitable action are tried by the Court, but a further inquiry is necessary before judgment, the entry of the decision of the Court upon the issues, with the direction for the further proceedings, is an order involving the merits from which an appeal may be taken to the General Term. The cases of *Bentley* v. *Jones,* 4 How. Pr., 335; *Ring* v. *Stafford,* 5 id., 30; and *Lawrence* v. *The Farmer's Loan & Trust Co.,* 15 id., 57; 6 Duer, 689, examined and dissented from.

To enable a party to review, upon an appeal from such an order, the decision of the judge upon the trial of the issues, a case may be made within ten days after notice of the decision.

Where a jury trial is waived in an action upon contract, or in other actions, by the assent of the Court, judgment is entered up upon filing the conclusions of the judge, and his decision upon the trial in such a case can be reviewed only by an appeal from the judgment.

The distinction between legal and equitable actions, and the difference in the mode of conducting them, pointed out.

If, in equitable actions, all the questions in controversy between the parties have been determined upon the hearing, and what remains is merely the machinery set in motion by the Court to carry its decision into effect, its decision is final. But if anything is left involving future litigation, the determination upon which might affect the ultimate adjustment of the rights of the parties, the decision, decree or order made, is merely interlocutory.

APPEAL by the defendants Lewis and Blood from an order overruling a demurrer to the complaint, and from a judgment entered at Special Term, upon a trial before HILTON, J., without a jury.

The action was brought by the plaintiff, as a judgment creditor of the defendants Lewis and Blood, to have a certain bill of sale of a stock of goods, executed by Lewis and Blood to one P. R. Lewis, and by him assigned to the defendant Burlock, adjudged and decreed fraudulent and void, as made with intent to hinder and delay creditors. A decree was entered adjudging the sale fraudulent and void, as against the plaintiffs, and ordering that it be referred to a referee to appoint a receiver of all the property purporting to be thus assigned. It was also ordered by the decree, "that the defendants, under the direction of the referee, assign, transfer and deliver over, and account for all property which, at the commencement of this suit, was in the possession or under the control of said defendants, or either of them; and if any has been disposed of, then the defendants who have so disposed of the same must pay over to said receiver, under the direction of the referee, the value of the same."

The decree also contained a provision, that if such property should not produce sufficient in the hands of the receiver to pay the amount of the plaintiff's judgment, the plaintiff should recover judgment against the defendants for any deficiencies which should be reported by the referee, after taking and stating the receiver's accounts.

The defendants appealed from this decree. The plaintiff moved to dismiss the appeal, upon the ground that the decree appealed from was not a final determination, from which an appeal could be taken.

*H. H. Burlock*, for appellants.

*John O. Robinson*, for respondent.

By the Court.—Daly, F. J.—A judgment is declared by the Code, § 245, to be the final determination of the rights of the parties in the action. In an equitable action before the Code, this was in effect what was known as a final decree, as contradistinguished from one that was merely interlocutory. If a decree disposed of all the questions raised by the pleadings, and gave directions as to what was to be done to give effect to the decision of the Court, it was a final decree, although facts remained to be ascertained, the knowledge of

which was essential to carry out the purpose of the Court. Where this was the case, and the decree gave all the consequential directions which would be requisite, when these facts were ascertained, for the final disposition of the cause, then the inquiry respecting them was regarded as a collateral proceeding, which in no way affected the final nature of the decree, even though the master's finding as to these facts should be afterwards disputed, and be brought before the Court for review upon exceptions to his report (*Johnson* v. *Everett*, 9 Paige, 638 ; *Mills* v. *Hoag*, 7 Id., 18 ; *Taylor* v. *Read*, 4 Id., 567).

This was a convenient practice, and one that may still be followed under the Code; but the Court of Appeals has decided in *Tompkins* v. *Hyatt*, 19 N. Y., 534 ; in *The Hollister Bank of Buffalo* v. *Vail*, 15 Id., 593 ; and in *Swarthout* v. *Curtis*, 4 Id., 415, that it is not applicable in an appeal to that Court where there can be but one appeal, which is heard upon the record transmitted from the Court below, and which must embrace all the proceedings in that Court up to and including the judgment. This is not the nature of the present appeal, for it is not upon a judgment embracing all the proceedings, as they are not yet at an end. There may be a necessity for a future judgment in the event of a deficiency, which cannot be known until the referee has made his report. If the defendants, moreover, have disposed of any portion of the property, and the amount in their hands should be insufficient to pay the plaintiff's judgment, then, in pursuance of the judgment given, they are to pay over to the receiver, under the direction of the referee, the value of the property so disposed of. As respects these questions, therefore, the disposition of property, the amount and the value of it, there may be future litigation, and the finding of the referee upon any of these points would be reviewable upon the motion to confirm his report (*Elmore* v. *Thomas*, 7 Abb. Pr. R., 70 ; 1 Van Santvoord's Eq. P., 560). Until that report is confirmed the proceedings are not at an end, and according to the decisions of the Court of Appeals, there is not that final determination of the rights of the parties which will constitute a judgment from which an appeal will lie to that Court. "It is," said Chief-Justice Bronson, "the policy of the Code to allow but one appeal to this Court in the same cause" (*Swarthout* v. *Curtis, supra*), and this is undoubtedly true as respects the

f the Court.
ll the conse-
n these facts
cause, then
llateral pro-
f the decree,
s should be
Court for re-
*rett*, 9 Paige,
d., 567).
nay still be
eals has de-
*he Hollister*
*warthout* v.
ppeal to that
heard upon
which must
nd including
t appeal, for
ings, as they
for a future
ot be known
dants, more-
y, and the
the plain-
given, they
ction of the
As respects
the amount
nd the find-
reviewable
*Thomas*, 7
ntil that re-
and accord-
e is not that
ch will con-
that Court.
he Code to
(*Swarthout*
espects the

Court of Appeals; for there can be no appeal to that Court except upon a judgment upon which any intermediate order *involving the merits* may be reviewed, or from an order which in effect determines an action, and prevents a judgment from which an appeal can be taken, or from an order granting or refusing a new trial—which order, however, if affirmed, is final; for if the order directing a new trial was properly granted, there is to be an absolute judgment in the Court of Appeals upon the rights of the appellant (§ 11), from which provisions it necessarily follows that there can be but one appeal to that Court in the same cause.

But this is not necessarily so in this, in the Supreme, or in the Superior Court, where an appeal lies before final judgment from any order made at a special term involving the merits—and when, in an equitable action, a decree or order is made which is interlocutory in its nature, and not a final determination of the right of the parties, an appeal should be allowed under the third subdivision of section 349. In *Bentley* v. *Jones*, (4 How. Pr. R., 335,) Justice PARKER held, that under the Code an order was the decision of a motion, and a judgment the decision of a trial—which definition was recognized and approved by Justice PAIGE in *King* v. *Stafford* (5 How., 30), who says that a decision to the same effect was made at a previous General Term of the Supreme Court of the same district. If this definition is correct, then no appeal would lie in this case as from an order, as it was the decision of a trial, and not of a motion. These decisions, however, were made fourteen years ago, within two years after the provision respecting appeals was incorporated in the Code, and when the effect of the changes produced by the Code had not been as fully examined or as perfectly understood as they are at present. It is manifestly incorrect, for there may be a decision at the trial of all the issues raised by the pleadings without its being a final determination of the rights of the parties. This was so before the Code, and it is so still. The rule before the Code, in equitable actions like the present, as I collect it from the cases, was substantially this: If all the questions in controversy between the parties were determined upon the hearing, and what remained was merely the machinery set in motion by the Court to carry its decision into effect, then the decree was final; but if anything was left involv-

Smith v. Lewis.

ing future litigation, the determination upon which might affect the ultimate adjustment of the right of the parties, the decree was regarded as merely interlocutory (*Kane* v. *Whittick*, 8 Wend., 224; *Travis* v. *Waters*, 12 Johns., 500; *Jaques* v. *The Methodist Church*, 17 id., 558; *Mills* v. *Hoag*, 7 Paige, 18; 2 Daniels' Chancery Practice, 638, 682), and this is a distinction which still exists necessarily in actions for equitable relief.

The decision rendered in this case, and which the defendants seek to reverse by this appeal, was of this interlocutory character. The issues raised by the pleadings were determined upon a trial before the Court without a jury. The decision of the Judge in writing, containing his conclusions of law and fact, was filed, and the defendant filed exceptions, in the manner prescribed by the Code, to enable them to review his decision. The Judge made an order which was substantially in the form of the old interlocutory decree, declaring the bill of sale to be fraudulent, and directing that an account of the property should be taken before a referee; that a receiver should be appointed; that he should convert the property into money, and, under the direction of the referee, should pay the plaintiff the amount of his judgment; and if any surplus remained after the payment of the costs, that he should pay it to the defendant Burlock.

If sufficient property should be found in the defendant's possession to pay the plaintiff's judgment and the costs of this suit, then no question will arise as to the disposition of property or the value of it, and no further judgment will be necessary. This cannot be ascertained, however, until the referee has made his report;—and before the report is filed, all the property may be sold by the receiver, and the decision of the Court carried out and executed. The effect of this would be, if the decision of the Judge upon the trial were erroneous, that the property in the meanwhile would be converted into money by a forced sale, usually involving a sacrifice, and the vendee Burlock would be left, if the judgment should be afterwards reversed, to depend upon the pecuniary ability of the plaintiff to make restitution. The judgment in fact would be practically satisfied before it could be formally entered, and I cannot suppose, in view of the great inconvenience and the injustice that it would give rise to in many equitable actions, that it was the intention of the framers of the Code that parties to such actions should be cut off from

all right of appeal to the General Term, until the judgment was thus, in effect, carried out and executed. Justice DAVIES, in *Tompkins* v. *Hyatt, supra,* upon the suggestion that the judgment might be completely executed, remarked.that that was a matter for the Court below to regulate, and suggested that it might stay proceedings until an opportunity to appeal was afforded ;·but the Code, I think, has provided an ample remedy by an appeal from the decision as an order involving the merits, which in the Court of Appeals could be reviewed only after judgment, but which in the Supreme Court or in this Court may be reviewed before.

The Superior Court held in *Lawrence* v. *The Farmers' Loan and Trust Co.* (15 How., 57), that it was the intention of the Legislature to allow but one appeal to the General Term to review a decision made upon a trial, from its commencement to the close of the proceedings therein, ending in a final determination between the parties of all questions involved in the issue; holding in effect that the decision of the Court of Appeals was equally applicable to that Court as to this, or to the Supreme Court. I apprehend that the decision was rendered without due consideration of the nature of equitable actions, and that legal and equitable remedies being so essentially different, it does not follow that a course of procedure which is applicable to the one, was intended to be pursued in all cases in the other. The ground taken in that decision· is, that the Code declares (§ 268), that questions of law or fact which arise upon a trial by the Court, can be reviewed only by a case or exceptions, in like manner as upon a trial by jury, to be made up within ten days after notice of the judgment. The construction, however, which I put upon this provision, is, that it was meant to apply only in actions triable by a jury, where a trial by jury being waived, the action is tried by the Court, and to trials purely of an issue of law (§ 266). By § 267 the judge is to find his findings of fact and conclusions of law separately, which are to be in writing, to be filed with the clerk, and the judgment is to be entered up accordingly. This is the course of procedure where the parties in an action on contract waive a trial by jury, or in other actions if the *assent of the Court* is obtained (§ 266). It was manifestly.meant. to apply to those actions where a final judgment can be entered up immediately upon the decision of the Court, as it may be

upon the verdict of a jury: To what were formerly known as actions at law, involving only a legal remedy, and not where equitable relief is the object of the action, and where, after the decision of the issue by the Court, further inquiries may be necessary, and further litigation before a judgment can be rendered which is a final determination of all the rights of the parties. Such an action may be tried by the Court, or they may order the issues on any specific question of fact involved in it to be tried by a jury, or they may refer it, if the examination of a long account is involved, or the taking of one is necessary for the information of the Court (§ 254). (*McCarty* v. *Edwards*, 24 How., 236). Any decision involving the merits, made in the course of such an equitable action, must take the form of an order to be entered by the clerk (*Smith* v. *Dodd*, 3 E. D. Smith, 215), upon the direction of the judge who made the decision, and may be appealed from under subdivision 3 of § 349. If it involves the merits, or the equitable issues have been tried and disposed of by the Court, a case may be made under the 34th rule, within ten days after the filing of written notice of the decision.

In *Wood* v. *Hunt* (38 Barb., 302), where a conveyance was set aside upon the ground that it was fraudulent as against creditors, and an accounting was ordered, Justice LEONARD was of the opinion that the decision of the judge upon the trial might be reviewed by appealing from it as an order under the subdivision of the 349th section before referred to—and this, in my judgment, is the proper course to pursue, as it will secure to the party the right of review, and a stay of proceedings, without in the least conflicting with the decision of the Court of Appeals.

Motion to dismiss the appeal denied.