## CLARKE *v.* BROOKS.

### March, 1867.

An order for judgment, which requires a reference and a report before a final determination of the cause, is not the subject of an appeal to the court of appeals.

An order granting or refusing a new trial is appealable to the court of appeals; but this rule does not apply to the case of a trial of special issues, which may or may not embrace the merits of the cause.

The award of such issues is a matter of practice resting in the discretion of the court.

Stephen T. Clarke brought this action in the New York common pleas against James and Erastus Brooks, for the purpose of settling a partnership alleged to have existed between the parties, who were publishers of the *New York Express.*

In 1863, upon application of one of the parties, the court made an order settling certain issues in the action, to be tried by a jury. After the trial of these issues, and a finding thereon by the jury, the court, on motion of the plaintiff, upon the findings of the jury on the special issues, ordered judgment for the plaintiff. The nature of this order is more fully stated in

the opinion below. Among other things it directed a sale of the partnership property, including the *Express* newspaper and business. The defendant moved for a new trial of the issues which had been so framed and determined. The motion was denied, on the ground that it did not appear, on the whole, that injustice had been done. The opinions of the court of common pleas are reported in 2 *Abb. Pr. N. S.* 385.

The plaintiff brought on the cause generally at a special term in 1865, for a hearing. Interlocutory proceedings for a sale of the property, and a reference to determine relative interests of the parties, were ordered. From the judgment and order defendants appealed.

The other facts relating to the decisions appealed from sufficiently appear in the opinion of the court.

*Henry A. Cram,* moved to dismiss the appeal.

*F. Kernan* and *George H. Reynolds,* opposed.

By the Court.—Hunt, J.—This action was brought for the purpose of closing the affairs of a partnership alleged to exist between the plaintiff and the defendants in the publication of the newspaper called the *New York Express.*

During the year 1864 an application was made and granted for the settlement of certain issues to be tried by a jury. After the trial of such issues by the jury, the plaintiff brought on the cause generally for a hearing and trial at special term, held in February, 1865, and moved for judgment on the findings of the jury. The motion of the plaintiff for judgment was granted, and the judgment order declared the rights of the parties to the subject matter of the partnership. It further directed a sale of the *Express* establishment under the direction of referee named, and ordered the referee to take and state an account of the partnership dealings and transactions. It also directed the payment of partnership debts, of costs and expenses; that the referee file his report; and the question of the plaintiff's costs was reserved until the coming in of the report of the referee. This order also recited an order of the special term, made February 8, 1865, denying

a motion for a new trial of the issues submitted to the jury, founded upon a case containing the pleadings, the issues, the testimony, the findings of the jury, and exceptions. The order thus recited is not itself among the papers before us. The appeal to the general term from this latter order, and from the judgment order of February 21, 1865, were apparently heard in one motion, and denied in one order on September 29, 1866. From this order an appeal was taken to this court by the defendants, and the plaintiff now moves to dismiss the same, on the ground that no appeal will lie from such order.

The judgment order of February 21, 1865, is not an appealable order. It is not a judgment of which a record has been made and filed; but an order for judgment simply. Considering it, however, as a judgment, it is not a final judgment, but interlocutory merely; and no appeal from a judgment as such lies to this court, except where the judgment is final. When the report of the referee shall have been made, and judgment entered therefor, additional questions may arise upon which the judgment of the special and the general term may be needed, and from which an appeal may be taken to this court. When it shall be thus brought up, the judgment will be final, and one appeal to this court will embrace all the questions thus presented, or that may be embraced in any previous order affecting the merits of the case. It is not the practice to allow a case to come to this court upon a fragmentary trial by installments, and in different forms. It can come once only, and in one form, when the merits are to be investigated. Until the conclusion of the reference, and the entry of final judgment upon it, no appeal can be brought to this court. Tompkins *v.* Hyatt, 19 *N. Y.* 534 ; Hollister Bank *v.* Vail, 15 *Id.* 593. It was stated upon the argument that a contrary decision had been made in Stevens *v.* Buffalo, Corning & New York R. R. Co., not reported. I am satisfied that this is an error. The affidavits in that case showed that an appeal was pending upon a final judgment subsequently made in the case, and the motion to dismiss was denied, probably upon the ground that the first appeal was practically waived, and that a motion to dismiss the same was not justified, or it might have been denied upon the ground that the judgment became final

after the reference had been had, and the report of the referee confirmed by the court. 4 *N. Y.* (4 *Comst.*) 415. The opposing affidavits are not on file with the clerk of this court. Upon consultation with my brethren, they concur in the opinion that the rule is as I have stated it above, and that if any case has been decided differently, it has been done inadvertently, or without due consideration.*

It is supposed, however, that· a different rule prevails where a motion for a new trial is denied, and that the existence of the order of February 8, 1865, denying a motion on the part of the defendants for a new trial upon the issues settled, when the denial was affirmed in the order of the general term of September 29, 1866, makes such order appealable to this court.

The section of the Code of Procedure cited by the appellants plainly authorizes an appeal from an order granting or refusing a new trial, in the case of a trial occurring in the ordinary course of practice, and where a judgment has been entered. But there was no trial of this action on this occasion suggested. That trial took place afterwards, on February 21, 1865, and the whole case was never before the court till that day. There had been a previous trial of certain questions in the case, the determination of which it was supposed would aid the court in ascertaining the merits of the case, when the trial itself should come on. It was a trial of the precise written questions submitted to the jury, and of nothing else. By the established practice those questions might embrace the merits of the case generally, or they might be limited to any portion of it. Such a proceeding is not a trial of the action, but an examination of the particular questions submitted only. At a subsequent time the action itself must be brought on for trial, when these preliminary proceedings are submitted to the court as a part of the proceedings in the case. An award of a feigned issue, under the former practice in chancery, or the framing of issues, as now practiced, is a proceeding simply to inform the conscience and judgment of the court before which the trial is had. The court to which the result is presented on the trial

---

* Compare Smith v. Lewis, 1 *Daly*, 452.

of the action is authorized to bestow upon it just that degree of attention to which it is entitled. It may rely upon it as satisfactory and conclusive. It may accept it in part, rejecting other parts. It may discard it entirely. Lansing *v.* Russell, 2 *N. Y.* (2 *Comst.*) 563; Candee *v.* Lord, 2 *Id.* 269. An award of issues is a matter of practice, and may be granted or refused in the discretion of thĕ court. The granting of a new trial after a verdict upon a feigned issue was in the discretion of the chancellor, and not the subject of an appeal. If the result was right he accepted it, although errors might have intervened in reaching it. Such is the settled practice also in regard to verdicts upon issues settled. *Code of Pro.* § 72; Forrest *v.* Forrest, 25 *N. Y.* 501, where the whole subject is elaborately discussed by Judge. WRIGHT; see also Clapp *v.* Fullerton, 34 *N. Y.* 190; Schenck *v.* Dart, 22 *Id.* 420. The order is interlocutory, and not the subject of an appeal to this court, and it derives no additional authority from being connected with an order of the special term, denying a motion for a new trial of certain issues framed and settled in the manner I have mentioned.

Appeal dismissed.

---

## CLARK *v.* FORD.

### March, 1867.

The successors of a removed administrator, who were also interested in the estate as legatees, filed a petition before the surrogate, praying an accounting by their predecessor, and that he be ordered to pay over the amount found due. Nearly ten years having elapsed between the removal and the petition, the predecessor pleaded the statute of limitations.

*Held,* 1. That there being no authority for a petition in the two characters of legatee and successor in administration, and the relief prayed being such as could only be given to persons interested in the estate as legatees, the proceeding must be deemed to be instituted by the petitioners in that character.

2. That, so regarded, it was barred by lapse of time.

Nathan Ford died in 1829, leaving a will of real and personsonal estate, which was duly proved before the surrogate of St.