JESSE N. BOLLES, Receiver, &c., *v.* JOHN A. DUFF and others.

An order of the General Term of the Supreme Court, reversing an order granted in an action at Special Term, giving directions to a receiver as to the leasing of real property, which is the subject-matter of such action, is not appealable to this court.

The Court, per LOTT, J. An order was made at Special Term in this action, on the third day of August, 1868, on the application of John A. Duff as receiver, authorizing him to lease the Olympic theater premises upon certain specified terms and conditions to James E. Hayes. The General Term in the first judicial district, on an appeal by the plaintiff, reversed it; but declared that the reversal should not impair or in anywise prejudice the possession or rights of the said James E. Hayes under the lease executed to him pursuant to

the said order for and during the residue of the first year of his term; that is to say, until the first day of September, 1869. But from and including the first day of September, 1869, the lease should be void and of no effect, and he continuing in possession thereafter should be considered as tenant holding over without the permission of the landlord after the expiration of his term and as in contempt of the order of reversal.

The case comes before this court on an appeal from that part of the order of reversal which declared it to be without prejudice to the rights of Hayes under the lease until the first day of September, 1869, and the said John A. Duff as receiver appeals from the residue thereof.

Each of the appeals must be dismissed. The original order and that reversing it were made in this action, which is still pending and undetermined. It is true that Duff has entitled his appeal "in the matter of the application of John A. Duff, receiver of the Olympic theater, for authority to lease the same, &c."; but the order appealed from was not so entitled or made in a proceeding of that title, but, as before stated, it was made in this action. It is, therefore, to be treated as such, and cannot be considered as an order made in a special proceeding. The only orders made before judgment in an action from which an appeal to this court is allowed are those affecting a substantial right particularly specified in subdivision 2 of section 11 of the Code.

This is not one of those designated nor does it affect a substantial right. The application was addressed to the discretion of the court, and neither party could claim as a legal right that the relief asked should be either granted or withheld. (See Tallmun v. Hinman, 10 How. Pr. Rep., p. 10; Batterman v. Finn, 40 N. Y. Rep., p. 340.) The appeals must, therefore, be dismissed without costs to either party as against the other.

Appeal dismissed without costs.

B. C. Thayer, for the plaintiff.

A. J. Vanderpoel, for John A. Duff, as receiver, &c.