CORNELIA I. SPRINGSTEENE, RESPONDENT, *v.* MOSES B. GILLETT, APPELLANT.

*Judgment — how pleaded — Code of Civil Procedure, sec. 532 — action of foreclosure — judgment for deficiency — entry and docket thereof, upon the report of the referee — a failure to have his report confirmed is a mere irregularity.*

The complaint in this action alleged, among other things, the recovery by the plaintiff's assignee of a judgment in the Supreme Court against the defendant for $1,065.18, and that "said judgment was on said 11th day of May, 1860, duly docketed against said defendant in the office of the clerk of Monroe county." This action was brought in 1879 to recover the amount due upon the said judgment.

*Held*, that under section 532 of the Code of Civil Procedure, the judgment was sufficiently pleaded.

Upon the trial the plaintiff introduced in evidence a judgment-roll in an action of foreclosure, entered and filed in the said clerk's office April 17, 1860. The judgment directed a sale of the mortgaged premises by a referee who was directed to apply the proceeds of the sale to the payment of the costs and debt, and to specify the amount of the deficiency, if any, in his report of sale, and further directed that the defendant "pay the same to the plaintiff." He also introduced the referee's report of the sale which was filed in the said clerk's office on May 11, 1860, showing that a deficiency had arisen of the amount for which the clerk had docketed the judgment. No order confirming the referee's report of sale was made.

*Held,* that it was proper to allow such evidence to be introduced to prove the cause of action set forth in the complaint.

That the omission to procure an order confirming the report was a mere irregularity which the defendant should have moved to correct with promptness, and which he had waived by his laches.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought in 1879, upon a judgment entered in Monroe county in an action brought in 1860 to foreclose a mortgage and to recover any deficiency arising upon a sale of the mortgaged premises.

The answer contained certain denials but did not set up any affirmative defense.

*Seth H. Terry* and *J. M. Dunning,* for the appellant.

*W. H. Shuart* and *J. S. Morgan,* for the respondent.

HARDIN, J.:

The complaint avers that Thomas Smith, on the 11th of May, 1860, recovered a judgment in this court against the defendant for $1,065.18, in an action; and " which said judgment was on said 11th day of May, 1860, duly docketed against said defendant in the office of the clerk of Monroe county," and the assignment thereof to the plaintiff. No motion was made to have the complaint made more certain. But the defendant in his answer " denies that he has any knowledge or information sufficient to form a belief as to whether at the time, and at the place and in the court in said complaint stated, Smith recovered a judgment as in said complaint is alleged, or as to whether any such alleged judgment was docketed as in said complaint is alleged." He admits that no part of such alleged judgment has been paid."

The court at the trial properly held that the complaint was sufficient. It is provided in section 532 of the Code that it is not necessary to state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made.

When the plaintiff produced a judgment-roll " made up in due form and filed April 17, 1860, in the clerk's office of Monroe

county, in .which the mortgaged premises were situated," and proposed to read it in evidence, the defendant took two objections, which were overruled. The first was " that it was not the roll of the judgment described in the complaint," and the second was " that it was a roll of a judgment in a foreclosure action, and should have been set up in the complaint in detail, alleging the different steps in such foreclosure resulting in such judgment."

We think the objections were properly overruled and the roll allowed in evidence. The complaint in that action alleged that the defendant here, who was a defendant there, was personally liable for the debt secured by his notes and the mortgage collateral thereto, and that the whole debt was $1,372 and prayed in addition to the foreclosure of the mortgage, viz.: " That the defendant Moses B. Gillett may be adjudged to pay any deficiency which may remain after applying all of said moneys so applicable thereto." It was proper to make such a contingent decree or judgment for the payment of such deficiency. (*McCarthy* v. *Graham*, 8 Paige, 480.)

There was a reference to compute the amount due and the referee reported the amount due to be $1,418.88, on the 14th of April, 1860, and his report was confirmed and a sale ordered by a referee who was directed to apply the proceeds of the sale to the costs and the debt, and to specify the amount of such deficiency in his report of sale, and that the defendant Moses B. Gillett *pay the same* to the plaintiff.

The judgment was given at a Special Term of this court held by Judge KNOX, on the 17th day of April, 1860, in the city of Rochester. When the report of sale, made by the referee and filed in the clerk's office of Monroe county, May 11, 1860, was offered in evidence, the defendant objected to it as incompetent and immaterial. The court overruled the objection and the defendant excepted.

As we have seen the judgment authorized the sale, and the report was in obedience to the judgment directing it to be made, and it specified the amount of the deficiency. Such report was competent evidence of the proceedings had under the judgment, and furnished the highest evidence of the deficiency arising upon the sale, and limited and ascertained the extent of the defendant's remaining personal liability.

The judgment did not reserve any questions to be determined by the court. The report was therefore a mere ministerial act, authorized to be performed by the referee who made the sale, and such report was made in accordance with the requirements of the judgment and in accordance with the practice of this court, in respect to ascertaining the amount of any deficiency remaining after the application of the proceeds of the sale. As no questions were reserved the judgment was final. Had any questions been reserved requiring further judicial action of the court, it would. have been interlocutory. (Old Code, § 245; *Mills* v. *Hoag*, 7 Paige, 18; *Johnson* v. *Everett*, 9 id., 636; *Morris* v. *Morange*, 38 N. Y., 172; *Clark* v. *Brooks*, 2 Abb. [N. S.], 385; *Moore* v. *Shaw*, 15 Hun, 428; *Gray* v. *Cook*, 24 How. Pr. R., 433.) · Nothing was left involving future litigation and the decision of the Special Term, its judgment, was final. (*Smith* v. *Lewis*, 1 Daly, 452.)

Mr. Crary, in his work on Practice in Special Proceedings (at page 318 of vol. 1), says: "The report is a history of his (the referee's) proceedings and should show that every *direction given in the judgment* had been carried out." "The report should be filed and a note of the day of filing entered by the clerk in the proper book under the title of the cause, and the report will become absolute and stand as in all things *confirmed* unless exceptions thereto are filed and served within eight days after service of notice of, filing the same." In volume 1 of Barbour's Chancery Practice (page 529), it was laid down that "after the master's report had been filed the complainant's solicitor enters *an order of course*, that the sale may be confirmed, unless cause is shown against it within eight days, and if no exceptions are filed and served within that time the order will become absolute of course, without notice or further order, unless there is application in the meantime to set aside the sale."

The Code of 1847, 1848, and the amendments, wrought a change by conferring on this court the powers and duties theretofore performed by the Court of Chancery, and it is obvious that the judgment of foreclosure and the judgment for deficiency were properly united, and that the defendant's liability to pay the deficiency was fixed and established by the judgment of the Special Term of April, 1860. The amount was to be ascertained by the referee who made

the sale, and that duty was ministerial merely. (*Moore* v. *Shaw, supra,* 430).

The object of docketing the deficiency was to give the plaintiff a lien upon any other property and to lay the foundation for an ordinary money execution. If it were correct to call the entry upon the docket the entry of a judgment, it would follow that if it was regular to enter an order confirming the report and declaring the deficiency in accordance therewith before entry of the facts as to the extent of the deficiency upon the docket, its omission would be but an irregularity. To avail of that, the defendant would be required, as in other cases of irregularity, to move with promptitude. It has been long provided by a statute that the court shall not, after the lapse of one year, interfere or set aside a judgment for irregularity, on motion. (2 R. S., 359 ; *Cook* v. *Dickerson,* 1 Duer, 679.) Laches were sufficient to defeat such a motion, if made by the defendant. (*Moore* v. *Shaw, supra.*)

There is no presumption that the deficiency was not correctly reported and entered in the docket. The defendant's liability in this case is clear and its extent certain. The judgment of the Special Term of 1860, required the defendant to pay, and his omission to obey the requirements of that judgment furnished ample support for the recovery had against him in this action. Formerly it was said that a Court of Chancery was not a court of record. Such was the rule of the common law. It was however held in 1805, in *Post* v. *Neafie* (3 Caines' Rep., 22), "that if the decree be for the payment of one gross sum of money" there may be an action of debt brought in a court of law. This rule and the case were followed and applied to an action upon an order made by a surrogate in *Dubois* v. *Dubois* (6 Cow., 496).

The preamble of the Code of 1848 declared that it was expedient that "the distinction between legal and equitable remedies should no longer continue." And the sections following provided for a judgment to evidence the recovery in any action. Section 245 says : "A judgment is the final determination of the rights of the parties in the action."

It follows that the judgment of the Special Term of April 1860, directing the defendant to pay the deficiency between the "amount so reported due to the plaintiff," and the proceeds of the sale, "formed

a suitable and efficient basis for an action of debt." There was proof that the judgment was duly assigned to the plaintiff and the amount was admitted to be correct, and the court properly ordered judgment for $2,669.15, which should be affirmed.

*Bache* v. *Doscher* (67 N. Y., 429) does not aid the appellant, as in that case " there was no demand or provision made ' against ' the defendant for any deficiency." And the court said, viz. : "*Assuming* that the report is evidence of all the facts stated in it, it appears that there was no deficiency, and that the plaintiff had in his hands ample money to pay the mortgage and leave a surplus," and " upon such a state of facts " it was said the plaintiff was properly non-suited.

In *The Hanover Fire Insurance Company* v. *Tomlinson* (3 Hun, 630) there was no judgment entered for the deficiency, and it was said that when such a judgment was docketed the plaintiff had a right to issue an execution, and, therefore, leave to bring an action upon the judgment was held to have been improvidently granted by the Special Term.

No question arises here under the statute requiring leave to sue either under section 71 of the Code of Procedure or section 1913 of the Code of Civil Procedure, as this action is not " between the original parties to the judgment," and no such question was raised at the trial. When the case last referred to was in the Court of Appeals (58 N. Y., 215) the point involved here was not passed upon, and the remark of RAPPALO, J., suggested only that it was " questionable whether there was any judgment upon which an action could properly be founded." As before stated in the case in hand, a judgment was docketed by the clerk for the amount of the deficiency reported by the referee, and that remained unquestioned for more than twenty years, and its regularity could not be questioned in this action.

The judgment should be affirmed.

SMITH, P. J., and MACOMBER, J., concurred.

Judgment affirmed.