See *Hall* v. *Memphis & C. R. Co.* 15 FED. REP. 57, and note, 69.

---

### BROCKETT *v.* NEW JERSEY STEAM-BOAT CO.

*(Circuit Court, N. D. New York. 1883.)*

1. NEGLIGENCE—INJURY TO PASSENGER—QUESTION FOR JURY.
   Where there is, upon the main issue, a disputed question of fact, it cannot be properly withdrawn from the consideration of the jury, and it would be error for the court in such case to direct a verdict.
2. SAME—EVIDENCE—CHARACTER OF WITNESS.
   Questions affecting the character of a witness are not incompetent, and may be properly allowed on cross-examination.
3. SAME—RES GESTÆ.
   In an action arising out of an altercation on ship-board, testimony as to what was said by any officer of the vessel during the altercation *held* admissible as part of the *res gestæ.*
4. SAME—EVIDENCE—REFUSAL TO STRIKE OUT, WHEN NOT ERROR.
   It is a well-settled rule that a refusal by the court to strike out evidence which was not objected to when offered is not error.

This action was tried at the last January circuit, and resulted in a verdict of $5,500 for the plaintiff. The plaintiff was a deck passen-

[1] Affirmed. See 7 Sup. Ct. Rep. 1039.

ger on one of the defendant's boats from Albany to New York. He was asleep on the freight, abaft the shaft, at a point where the rules did not permit him to be. He was pulled from this position by the company's watchman, and in falling received very serious injuries. The question submitted to the jury was whether more force than was necessary was used in removing him. The plaintiff and the watchman, Thiel, were the principal witnesses. Their versions of the main transaction were in direct conflict,—the one establishing negligence on the part of the defendant, the other on the part of the plaintiff. The defendant now moves for a new trial. It is contended that there was error in admitting, on cross-examination, evidence of the watchman's quarrelsome disposition; in refusing to strike out, on motion, testimony which was given without objection; and in refusing to direct a verdict for the defendant.

*W. P. Prentice,* for the motion.

*E. E. Sheldon,* opposed.

Coxe, J. For reasons stated at the argument the court would not have been justified in directing a verdict for the defendant. There was, upon the main issue, a disputed question of fact, which could not properly have been withdrawn from the consideration of the jury. The questions objected to, affecting the character of the witness Thiel, were, I think, proper on cross-examination. *Real* v. *People,* 42 N. Y. 270. Criticism is made that the declarations of the assistant mate were incompetent. That part of the testimony, however, to which the attention of the court is particularly directed as being prejudicial to the defendant, was admitted before any objection or exception was taken. But in any view of the case I am of the opinion that what was said by an officer of the vessel, during the altercation, was admissible as part of the *res gestæ. Curtis* v. *Railroad,* 49 Barb. 148.

Two of the exceptions argued relate to the refusal of the court to strike out certain evidence which was not objected to when offered. Without discussing the question whether the evidence should have been received, had a timely objection been interposed, it is sufficient to say that the rule is well settled that a refusal to strike out, in such circumstances, is not error. *Gawtry* v. *Doane,* 51 N. Y. 90; *Levin* v. *Russell,* 42 N. Y. 256; *Platner* v. *Platner,* 78 N. Y. 90. I have examined the other exceptions referred to in defendant's brief, but think none of them well taken.

The motion for a new trial is denied.