WILLIAM C. RANDALL, Respondent, *v.* FRANK RANDALL, Appellant.

The trial by jury of any questions of fact in issue in an equity action is within the discretion of the trial court. (Code of Civil Pro. § 971.) It may adopt or disregard the finding of the jury, or set aside the verdict and grant a new trial, at its discretion.

An order, therefore, setting aside the verdict and granting a new trial in such case is not appealable to this court.. (§§ 190, 1347, sub. 2.)

*It seems* that if the action were triable, as matter of right by a jury, as the motion for a new trial involves questions of fact which may or could have been considered by the General Term, its order would not be reviewable here.

(Argued May 2, 1889; decided June 4, 1889.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 17, 1884, which affirmed an order of Special Term setting aside a verdict, and granting a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*G. H. Beckwith* for appellant. The order is appealable to this court. (Code, §§ 190, 191.)

*William P. Cantwell* for respondent. The duty of granting or refusing a new trial, under section 999 of the Code, being one resting largely in the discretion of the judge presiding, his decision is not reviewable here and the appeal should be dismissed. (*McKeever* v. *Weyer*, 11 Week. Dig. 258; *Pharis* v. *Gere*, 107 N. Y. 231, 233; *Kennicutt* v. *Parmalee*, 15 N. Y. S. R. 515.)

BRADLEY, J. The action is equitable in character, and was brought to obtain a dissolution of partnership alleged to exist between the parties and for an accounting. The defendant, by his answer, alleged that he had sold his interest in the firm property to the plaintiff for the sum of $500 in settlement of all partnership matters, of which sum he was paid by the

latter $200, and demanded judgment for the balance, $300 and interest. The plaintiff, by his reply, put such alleged claim in issue, and the questions of fact, whether the defendant did make such sale to the plaintiff, and the latter agreed to pay such sum, and did pay thereon $200, etc., were submitted to the jury, and, upon a conflict of evidence, they found in the affirmative upon such questions of fact. This was in favor of the defendant. And on the plaintiff's motion, made on the minutes, the verdict was set aside and a new trial granted. That order being affirmed by the General Term the defendant appealed to this court. The trial by jury of the questions of fact, or any of them within the issues, was wholly matter of discretion of the court (Code of Civil Pro. § 971), and the practice in that respect, although differing in form, is, in practical effect, substantially the same as that which formerly prevailed of awarding feigned issues and taking verdicts upon them. As then it was done in aid of the chancellor and to inform his conscience upon questions of fact, so now the purpose, as applicable to the court, is the same. ( *Vermilyea* v. *Palmer*, 52 N. Y. 471; *Acker* v. *Leland*, 109 id. 5.) The court below might adopt or disregard the finding of the jury, or set aside the verdict and direct a new trial at its discretion. (*Lansing* v. *Russell*, 2 N. Y. 563; *Colie* v. *Tifft*, 47 id. 119; *Clarke* v. *Brooks*, 1 Abb. Ct. App. Dec. 355.) And, because the granting of a new trial was a matter resting in the discretion of the court below, the order did not come within the statute providing for appeals (Code of Civ. Pro. § 190), and was not appealable to this court. (Id. § 1347, subd. 2; see cases before cited.)

The consequence must be a dismissal of the appeal. It may also be observed that nothing would have been presented by this appeal for review if the action had been triable as matter of right by jury. The reason is, that in the motion for a new trial were involved questions of fact which may or could have been considered in its determination by the court below. In such case an order granting a new trial, when the trial was had by jury, is not reviewable in this court. ( *Wright* v. *Hunter*, 46 N. Y. 409; *Arnold* v. *Robertson*, 50 id. 683;

*Fallon* v. *Brooklyn City, etc., R. R. Co.,* 56 id. 652; *Court-ney* v. *Baker,* 60 id. 1; *Harris* v. *Burdett,* 73 id. 136; *Whit-son* v. *David,* 81 id. 645; *Bronk* v. *N. Y. & N. H. R. R. Co.,* 95 id. 656; *Kennicutt* v. *Parmelee,* 109 id. 650.)

The appeal must be dismissed.

All concur, except POTTER, J., not voting.

Appeal dismissed.