FILON *v.* DURKIN *et al.*

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

OPENING JUDGMENT—REVIEW ON APPEAL—DISCRETION OF COURT.

D. and R. were co-defendants in an action to foreclose a mortgage. The property was sold, and a judgment for deficiency entered against D. The property was bid in by R., who paid plaintiff the full amount due, and took an assignment of the bond and mortgage, and claimed the right to enforce the judgment. D. claimed that R. should have paid the judgment, but did not answer or take any steps until after the judgment was entered. He had little reason to believe judgment would be entered against him, and after sale plaintiff had told him that the bond and mortgage had been paid. *Held*, that an order opening the judgment was within the discretion of the court, and not reviewable.

Appeal from Monroe county court.

Action in the county court by Michael Filon against John M. Durkin, impleaded with Melville G. Riker, to foreclose a mortgage. Judgment for plaintiff by default against Durkin. Riker took an assignment of the bond and mortgage, and sought to enforce the judgment. Durkin claimed equities existing between him and Riker, and made application to open the default and interpose such equities. An order was made opening the default, and from such order Riker appealed. Appeal dismissed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

J. A. Robson, for appellant. S. D. Bentley, for respondent.

MACOMBER, J. The controversy on the motion, and upon this appeal taken from the order entered on the motion, is between certain co-defendants, namely, Durkin and Riker. The notice of motion was served not only upon the appellant, but also upon the plaintiff, but the plaintiff makes no appearance upon the motion. The action was brought to foreclose a purchase-money mortgage made by the defendant Ellis to the defendant Durkin, and by the latter assigned to the plaintiff with a guaranty of collection. None of the defendants made any defense to the action. On the 15th day of April, 1890, after judgment of foreclosure, and a sale under such judgment had been had, a judgment for deficiency of $373.69 was taken against the defendants Durkin and Ellis. On the sale, in pursuance of the judgment of foreclosure, the defendant Riker bid off the premises in his own name. It appears, however, that no deed was given by the referee. Nevertheless the plaintiff received his pay in full from the defendant Riker, to whom the bond and mortgage in question were assigned by the plaintiff without recourse. Certain equities, it is claimed by the respondent, existed between the appellant and the respondent Durkin, growing out of sundry real-estate transactions between them, the details of which it is not necessary to mention for the purposes of this decision. It is claimed in behalf of Durkin that, as between these defendants, it was the duty of the appellant, Riker, to pay any judgment of deficiency which was taken in the foreclosure suit. This defendant, however, failed to interpose any answer or take any steps to assert such equitable considerations until after the judgment of foreclosure and sale, and after the assignment of the bond and mortgage had been made by the plaintiff to the appellant. The excuse given for the omission to set up these equities is not of the most substantial and conclusive character, although it is plain to be seen, from the whole evidence and from all the affidavits, that the respondent Durkin had little reason to believe any judgment of deficiency would be taken against him in this action. The appellant has done no act and had made no assertions designed or calculated to induce this non-action on the part of Durkin. A complete excuse, however, of the delay in making this motion is given by the moving party, covering a time between the sale and the time that the motion was originally made, and that excuse is that the plaintiff, not the appellant, had told the moving party that the bond and mortgage had been paid. Probably the plaintiff intended to say no more than that he had received the amount thereof, and not that the bond had been satisfied.

After ascertaining that the appellant had become possessed of the bond and mortgage, and claimed the right to enforce the judgment for deficiency, no laches can be imputed to Durkin. The decision of the question, we think, rested in the discretion of the county court, and consequently is not reviewable in this court, under section 1342 of the Code of Civil Procedure, within the general principle governing courts at law, that one court will not review the discretionary orders made by another court. Kugelman v. Rhodes, 36 Hun, 269. This principle rests not upon any statutory provision, but upon the well-established practice of courts of separate powers and organic differences. Under the Code of Civil Procedure, until the amendment (subdivis-

ion 4, § 11, Code) made by chapter 741, Laws 1870, the provision touching appeals to the court of appeals from orders made by the supreme court was of the same general character as in section 1342, relating to appeals from the county court to the supreme court; yet the court of appeals held that discretionary orders made by the supreme court were not reviewable. *Lansing* v. *Russel*, 2 N. Y. 563; *Humphrey* v. *Chamberlain*, 11 N. Y. 274; *Bolles* v. *Duff*, 42 N. Y. 256. The amendment of 1870, which is now embodied in the present Code of Civil Procedure, (subdivision 2, § 190,) permitting appeals from orders affecting a substantial right, "and not resting in discretion," was doubtless made in pursuance of the previous decisions of the court of appeals. Hence it is that in the case of *People* v. *Board*, 82 N. Y. 506, the court says that the language of the new Code, subds. 2, § 190, does not differ in meaning from that of the old Code, § 11. We are of the opinion, therefore, that the application made to the county court was one entirely of favor, and was not based upon any substantial right, and that the order appealed from is not reviewable by this court. Appeal dismissed, with $10 costs and disbursements. All concur.