SHELDON v. FIDELITY TRUST & GUARANTY CO. OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. June 11, 1901.)

JURY IN EQUITY—DISCRETION OF COURT—REVIEW.
    The discretion vested in the trial court by Code Civ. Proc. § 971, to direct, upon the application of either party, that one or more questions of fact arising on the issues may be tried by a jury, in a case where a party is not entitled to a jury as a matter of right, is reviewable.
    Spring, J., dissenting.

Appeal from special term, Erie county.

Action by Emma J. Sheldon against the Fidelity Trust & Guaranty Company of Buffalo. From an order denying a motion for the framing of issues of fact for a trial by jury, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Eugene M. Bartlett, for appellant.
Louis L. Babcock, for respondent.

WILLIAMS, J. The order appealed from should be reversed, and an order submitting the two questions to the jury granted. The relief sought by the motion at special term rested largely in the sound discretion of that court. Such discretion is, however, subject to review by this court. The discretion was not wisely exercised in this instance. It is not necessary to recite in detail the allegations contained in the pleadings. The matter covered by the two questions relates to transactions with a prominent mem-

ber of the bar, and is likely to be sharply contested. It is not well to put the whole responsibility of deciding these issues upon the justice who is called upon to try the case. He should have the judgment of a jury to aid him, and, while the denial of the relief asked for at the present time would not prevent the trial justice, upon application at the trial or of his own motion, from directing such issues to be submitted to a jury, still it is better that the matter be provided for here, in order that there may be no delay at special term when the case comes on for trial. We dislike to interfere with the discretion exercised by justices at special term, but we cannot well avoid doing so in this instance.

The order should be reversed, with $10 costs and disbursements to appellant, and an order made for the submission to a jury of the questions, Nos. 2 and 3, submitted by the respondent at special term. All concur, excepting SPRING, J., who dissents in a memorandum.

SPRING, J. (dissenting). The direction of a trial by jury of issues of fact in an equity action is placed in the discretion of the court by the explicit language of the Code provision. Code Civ. Proc. § 971. See, Randall v. Randall, 114 N. Y. 499, 21 N. E. 1020; Wright v. Nostrand, 94 N. Y. 31–41. The justice presiding at special term is closer within the atmosphere of the action than the appellate court, dependent solely upon the printed record for its information. The exercise, therefore, of that discretion by the special term, ought not to be interfered with, except when its abuse is palpable. If there is an error of judgment, it can be remedied, as the right of the judge at the trial of the action to direct any issue of fact to be submitted to a jury still exists. The object of the submission of any specific question to the jury is to aid the court in the final determination of the action, and the judge at special term may well deem it advisable to defer the whole matter until the trial, assuming that then it can be disposed of the more intelligently. In the present case there are apparently several questions of fact which it will be necessary to pass upon. It may be that at the trial of the action the justice presiding can sift these out and determine to better advantage which, if any, should be tried by a jury to assist in arriving at a correct solution of the case. Whatever may have influenced the decision of the court at special term, in my judgment there has been no such flagrant exercise of the discretion so peculiarly vested in it in applications of this character that we are called upon to reverse its order.

The order should be affirmed, with $10 costs and disbursements.