away. The testimony is conflicting as to whether Schwartz then notified the defendant that he made this demand as owner, or whether he exhibited his bill of sale. Feldman, the mortgagee, subsequently took possession of so much as remained of the furniture and fixtures covered by his mortgage. This he had a right to do, and the plaintiff is not entitled to a judgment for their return or value. As to the two barrels of beer, there is no evidence, and no presumption that they were in the saloon when the bill of sale was made on May 31st. If they were not, they did not pass to the plaintiff under the bill of sale. As the saloon had been in active business between May 31st and June 19th, there is no presumption that the beer found there on June 19th had been there 19 days previous. As to the desk, which is all that remains, and apparently all that the appellant really thinks he is entitled to judgment for, the evidence is not satisfactory that the plaintiff made a proper demand upon defendant for it. As it came into defendant's possession lawfully, being in the saloon when possession was surrendered by its apparent owner, a proper demand was necessary before an action for conversion would lie. Judgment affirmed, with costs.

———

SEAMAN v. CLARKE et al. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Albert W. Seaman, as trustee of the estate of Eliza Eagle, deceased, against Gilmore Clarke and another, as executors, etc. No opinion. Amount of security required to stay execution fixed at $20,000.

———

SEELIG, Respondent, v. WEISS, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Frederick H. Seelig against Abraham Weiss. W. R. Adams, for appellant. L. W. Harburger, for respondent. No opinion. Judgment affirmed, with costs.

———

SHARO, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Paul Sharo, as administrator, etc., of Paul Sharo, Jr., deceased, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

———

SHELDON, Appellant, v. FIDELITY TRUST & GUARANTY CO. OF BUFFALO, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Emma J. Sheldon against the Fidelity Trust & Guaranty Company of Buffalo.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, without costs, on opinion of WILLIAMS, J., in case of same title reported in 71 N. Y. Supp. 65. All concur. except SPRING, J., who dissents, and RUMSEY, J., not sitting.

SHELDON, Appellant, v. FIDELITY TRUST & GUARANTY CO. OF BUFFALO, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Emma J. Sheldon against the Fidelity Trust & Guaranty Company of Buffalo.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, without costs, on opinion of WILLIAMS, J., in case of same title reported in 71 N. Y. Supp. 65. All concur, except SPRING, J., who dissents, and RUMSEY, J., not sitting.

———

SHERLOCK, Respondent, v. SHERLOCK, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by Patrick Sherlock against William Sherlock.

PER CURIAM. This court declines to consider the appeal in this case upon the record presented, the same being incomplete under rule 41, which provides that, upon an appeal from a judgment, the papers in the record shall be either certified or stipulated copies of the notice of appeal and judgment roll in the court below. There is no copy of the judgment roll in the county court in the record. That judgment roll must contain, when printed, a return by the municipal court of the proceedings had in that court, together with its judgment. There is no copy of the judgment of the municipal court contained in the record, and no return whatever from that court.

———

SILVER, Respondent, v. ELIAS, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Marks Silver against Joseph Elias. Shafer & Levin, for appellant. Ralph Nathan, for respondent.

PER CURIAM. A former judgment in favor of the plaintiff was set aside by the appellate term because against the weight of evidence. If the evidence on the present trial had been the same as that on the former, we might adopt a like course. There is, however, an important difference. It was testified by an apparently disinterested witness that the note in suit was brought to Kaplan, the payee, by one Cohen, the manager of defendant's business. On the former trial Cohen was called, and denied that he had ever seen the note, that it was given him by defendant, or was delivered to Kaplan. On the present trial Cohen was not called, and consequently the evidence of the delivery of the note to Kaplan was uncontradicted. We have examined the exceptions, and find none that call for a reversal, and under all the circumstances are not disposed to interfere with the second judgment. Judgment affirmed, with costs.

———

SKINNER, Appellant, v. CONEY ISLAND & B. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Catharine Skinner,