(68 App. Div. 47.)

MAGNOLIA METAL CO. v. DREW et al.

(Supreme Court, Appellate Division, First Department. January 17, 1902.)

1. EQUITY—ISSUES FOR JURY—DISCRETION OF COURT.
    The matter of framing issues in an equity cause to submit to a jury is in the discretion of the court, under Code Civ. Proc. § 971.
2. SAME—CONTRACT—BREACH—QUESTION FOR JURY.
    Where to a cause of action for injunction to restrain defendants from selling certain metal at a price less than has been agreed on is joined a cause of action for breach of the contract, the issues whether plaintiff has performed on his part, and what, if any, damages he has suffered, should be submitted to a jury.

Appeal from special term, New York county.

Action by the Magnolia Metal Company against Edward E. Drew and others. From an order denying defendants' motion to frame issues to be tried before a jury, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James D. Fessenden, for appellants.

Morton Stein, for respondent.

INGRAHAM, J. This action is brought to obtain an injunction restraining the defendants from selling and disposing of certain magnolia metal at a price less than that agreed to in writing, and to recover the damages that the plaintiff has sustained by reason of a violation of the agreement by the defendants. The agreement is made part of the complaint. There are two causes of action alleged. The first is one in equity, and presents no issue as to which either party is entitled as of right to a trial by jury. Whether or not any issue presented under the first cause of action shall be thus tried is, within

section 971 of the Code of Civil Procedure, in the discretion of the court, and there is nothing in this case that would justify us in interfering with the discretion exercised by the court below in denying the application. The issue as to whether or not there was a breach of this contract by the plaintiff can be as satisfactorily disposed of by the court at special term as by a jury. As to the second cause of action, however, we think either party is entitled as a matter of right to a trial of the issue presented. The second cause of action is to recover damages for a breach of the contract, in that the defendants have failed, neglected, and refused to take the 120 tons of magnolia metal which they agreed to take under the terms of the contract, and that this refusal to purchase this 120 tons of magnolia metal has caused the plaintiff damage in the amount of $25,000. The first cause of action seeks to restrain the defendants from violating certain provisions of the contract in regard to the sale of the metal purchased prior to the commencement of the action. The second cause of action asks to recover for the damages sustained by the plaintiff because of a breach of another provision of the contract, which required the defendants to purchase this metal in the future. These two causes of action are entirely distinct, and, while they are properly united in one complaint, as they both arise out of the same contract, they are distinct in their nature,—one for equitable relief to enforce certain special provisions of the contract, the other for damages for a failure to comply with certain obligations imposed by clauses or provisions of the contract other than that upon which the right to equitable relief is based. The issue arising under this second cause of action must, therefore, be sent to a jury for trial. The two issues that appear to be presented upon this second cause of action are: (1) Has the plaintiff duly performed all the obligations and conditions on its part to be performed under the terms of said contract Exhibit B? (2) What, if any, damages did the plaintiff sustain because of the failure of the defendants to purchase the 120 tons of magnolia metal contracted to be purchased under the provisions of paragraph 9 of the contract Exhibit B?

The order appealed from should therefore be reversed, and these issues before indicated directed to be tried by a jury, without costs. All concur.