(98 App. Div. 298)

### WURSTER et al. v. ARMFIELD et al.

(Supreme Court, Appellate Division, Second Department.   November 18, 1904.)

1. SUIT IN EQUITY—TRIAL BY JURY.

   A suit to compel a lessee to execute a renewal lease in accordance with an appraisal provided for in the original lease is a suit in equity, and defendant is not entitled as of right to a trial by jury, as provided by Code Civ. Proc. §§ 968, 970, of the issue of his mental competency at the time of the appointment of the appraisers, but his right to a jury trial is within the discretion of the court, as provided by section 971.

2. SUIT IN EQUITY—JURY TRIAL—DISCRETION OF COURT—REVIEW.

   The refusal of the court in an equity suit to direct the trial of issues of fact by a jury, as authorized by Code Civ. Proc. § 971, though reviewable on appeal, will not be disturbed in the absence of a showing that the party asking for the jury will be prejudiced by the court's action.

Appeal from Special Term, Kings County.

Action by Frederick W. Wurster and another, composing the firm of Frederick W. Wurster & Co., against William W. Armfield, in which suit Frederick W. Wurster, as sole surviving partner, was substituted as plaintiff, and Augusta D. Armfield, individually and as executrix and trustee of William W. Armfield, deceased, was substituted as defendant, and in which suit Mary R. Holt and others impleaded.   From an order denying a motion for an order directing the trial by a jury of specific questions of fact involved in the action, defendant Augusta D. Armfield appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Ira Lee Bamberger, for appellant.
Joseph A. Burr, for respondents.

WOODWARD, J.   The plaintiffs bring this action to compel William W. Armfield to execute a lease of three certain lots, at a yearly rental of $575, for a term of 10 years, in accordance with an appraisal made by the appraisers provided for in a certain lease contract.   The action has been once tried, resulting in a judgment in favor of the plaintiff, which was subsequently affirmed by this court (67 App. Div. 158, 73 N. Y. Supp. 609).   Later, upon appeal to the Court of Appeals, this judgment was reversed (175 N. Y. 261, 67 N. E. 584) on the ground that the Special Term had erred in refusing to admit evidence in support of the allegations of the complaint that the defendant was,

¶ 1. See Jury, vol. 31, Cent. Dig. § 39.

at the time of entering into the appraisal, mentally incompetent to transact any business. The defendant thereupon moved, at a Special Term of this court, for an order directing the trial of this issue by a jury, and from the order denying such motion the defendant appeals to this court.

The action is clearly of an equitable nature; it seeks to compel the specific performance of a contract. The contract was made several years ago, and was for a term of 10 years, with permission, under certain prescribed conditions, to renew the lease of the premises, the amount of the rent for the new term to be based upon the appraised valuation of the premises, less the value of certain buildings constructed by the lessees, and the method of appointing the appraisers was fully pointed out. At the end of the 10-year period the premises were owned by the defendant William W. Armfield, now deceased (this action being continued by order of the court against the present defendants), subject to the provisions of the original contract. The plaintiffs took the steps necessary to insure the right to a renewal of the lease, and it is not disputed that appraisers were chosen, and that they went through with all of the forms necessary to determine the valuation of the premises; but it is urged as a defense that at the time of appointing these appraisers the defendant Armfield was incompetent to act, owing to paresis or insanity, and that he could not therefore have participated in the proceeding in such a manner as to bind him to the acts of the appraisers. This, as we read the decision of the Court of Appeals, is now the only question of practical importance in the case, and the defendants, without alleging any special reason why this question of fact should be submitted to a jury, insist that the order denying the motion for such submission should be reversed.

We are unable to discover any good reason why the question of the mental capacity of William W. Armfield may not be determined quite as well by the court as by a jury. This is not a case where the defendant is entitled as of right to a trial by jury (sections 968–970, Code Civ. Proc.), but is one depending upon the sound discretion of the court (section 971, Code Civ. Proc.). It is true, of course, that this discretion is reviewable here (Sheldon v. Fidelity Trust & Guaranty Co. of Buffalo, 62 App. Div. 621, 71 N. Y. Supp. 65), but the mere fact that we have the power of review does not demand the exercise of that power by the reversal of this order, unless we are persuaded that the ends of justice will be prejudiced by a failure on the part of this court to interfere, and no single fact is pointed out by the appellant to show that this case should be treated differently from other cases in which litigants ask for the intervention of courts of equity. In determining our duty in respect to the question here presented, it should be borne in mind that where the party is not entitled, as of right, to a trial by jury, the verdict is not conclusive upon the parties, and the trial court may adopt it, modify it, or disregard it and find the facts anew. In this class of cases the verdict is treated as an aid to the court to inform its conscience, but it is in no wise bound thereby, for the responsibility of determining the facts rests upon the trial judge, and our Code of Civil Procedure has not changed the rule in this respect. McClave v. Gibb, 157 N. Y. 413, 420, 52 N. E. 186, and authorities there cited. There is ample authority, under the provisions of section 971, for the court to call in the

aid of a jury at any time during the progress of the trial, if such course should be deemed advisable; and so long as the verdict of a jury is not controlling, and the conscience of the court must be satisfied in an equitable action, this court does not feel justified, in this instance, in interfering with the action of the Special Term. The facts must be determined in the end by the court; it is its duty, in determining this action, to be convinced of the truth, and it is no part of the duty of this court to lessen the sense of responsibility on the part of trial courts by holding that a question of fact, which belongs to a court of equity to determine, shall be primarily disposed of by a jury, unless there are controlling reasons why the discretion of the court at Special Term should be overruled. We find no such reasons in the moving papers, and none is suggested which would justify us in interfering with the discretion exercised by the court below in denying the application. Magnolia Metal Co. v. Drew, 68 App. Div. 47, 48, 74 N. Y. Supp. 34.

The order appealed from should be affirmed, with costs. All concur.