DAVID D. ACKER et al., Appellants, *v.* CHARLES E. LELAND et al., Respondents.

The mode of trial of an equity action is a matter of discretion with the court, it may try all the issues or send any question of fact to a jury.

Where the latter course is resorted to the court may adopt the findings of the jury, modify them, or render a decision as though the trial had taken place without a jury.

If the questions submitted to the jury, together with the facts admitted by the pleadings, cover the whole case, motion may be at once made for judgment.

So, also, where the evidence taken during the jury trial warrants, in addition to the facts found by the jury, the finding of other necessary facts, the court has jurisdiction to make them upon such evidence.

It is only when other issues remain to be tried, or other facts to be proved, that the case must be regularly brought on for a hearing before the court.

In an action by judgment-creditors to have an assignment made by the debtor for the benefit of creditors adjudged fraudulent and void, the complaint alleged that the assignment was not made in good faith, but to hinder, delay and defraud creditors: that certain preferred debts were fictitious, and that the assignor had concealed and disposed of a portion of his property with intent to defraud his creditors. The question was submitted to a jury as to whether the assignment was made to hinder, delay and defraud the creditors. The trial was had and the jury rendered a verdict, answering the question "No." Defend·

ants' counsel thereupon moved the court to confirm the verdict and find the facts. Plaintiffs made no offer of further evidence, but moved for a new trial. The court denied a new trial and made and filed findings of fact, to the effect that the assignment was made in good faith, without the intent to hinder, delay and defraud; that the preferred debts were not fictitious, but actually existed; that the judgment-debtor assigned all of his property and did not conceal or dispose of any portion thereof, and that no fraudulent preferences were made; and, as. conclusion of law, that defendants were entitled to judgment, and judgment was entered accordingly. Plaintiffs filed exceptions to the findings. on the ground that they had been made without jurisdiction. *Held,* untenable; that although the finding of the jury was in answer to the; one question submitted, it really involved the determination adversely to plaintiffs of the matters found by the court; but if the finding of the jury was to be confined in its effect to the one interrogatory propounded to them, the proofs were before the court upon which it might supplement the jury's finding by other findings determinative of the issues. which the evidence warranted; also, that plaintiffs' failure to make any suggestion as to the mode of trial or to offer further proof was a waiver of any objection on their part, and the motion for a new trial was an admission that there had been a trial of the issues raised by the pleadings.

Also, *held,* that the reception in evidence on the trial of judgments in favor of the preferred creditors as proof of the validity of their debts was. competent.

*It seems* the other creditors were not estopped. from contesting the genuineness of said judgments, or from proving fraud or collusion in their procurement.

(Argued February 27, 1888; decided March 13, 1888.)

APPEAL from judgment of the General Term of the Supreme. Court in the third judicial department, entered upon an order made January 21, 1886, which affirmed a judgment in favor of defendants entered upon a decision of the court and affirmed an order denying a motion for a new trial.

The plaintiffs, being judgment-creditors of defendant Charles E. Leland, sought, in this action, to have an assignment made by said Leland to defendant Buchanan, as assignee for the benefit of his creditors, adjudged fraudulent and void.

The grounds stated in their complaint were, in substance, that the assignment was not made in good faith, but had been made. to hinder, delay and defraud creditors; that certain preferred debts were fictitious, and that the assignor had concealed and.

disposed of a portion of his property with intent to defraud his creditors. On the defendants' motion an order was made ordering the following specific question of fact to be tried by jury, viz.: "Was the assignment by defendant Leland to defendant Buchanan, mentioned in the complaint, made to hinder, delay and defraud the creditors of said Leland?"

The trial was had and the jury rendered a verdict by which they answered "No" to the question. Defendants' counsel thereupon requested the court to confirm the verdict and find the facts. The plaintiffs made no offer of further evidence but moved for a new trial. After deliberation upon the two motions the trial judge denied a new trial and made and filed findings of fact and conclusions of law. Thereupon a decree was entered denying the motion for a new trial, confirming the verdict and adjudging that the assignment by Leland to Buchanan was not made to hinder, delay or defraud the cred-itors of Leland. Plaintiffs filed notice of their exceptions to the findings of fact and conclusions of law made by the trial judge, and stated, as the ground for the same, that they had been made without jurisdiction. Plaintiffs' motion, on a case and exceptions, for a new trial of the issue, and that the ver-dict be set aside upon the exceptions at the trial, was denied. The General Term affirmed the order denying a new trial.

*Stephen A. Walker* for appellants. Except a judgment upon default or by confession, or upon an offer to allow it, or upon an agreed case, there can be no judgment without a trial. (*Vermilyea* v. *Palmer*, 52 N. Y. 474.) The trial of the special issue was not a trial of this action. (Code, § 1225.) The case was one which might be tried by the court alone or with a jury, sitting either at Circuit or at Special Term. (Code of Civ. Pro. § 976.) Having obtained a favorable decision from the jury, the verdict and the evidence upon which it was founded were paper writings in the plaintiffs' hands, to be presented to the court *de novo* at Special Term, to be accepted or rejected by the court as in its discretion might be deemed just. (*Lansing* v. *Russell*, 2 N. Y. 565;

*Learned* v. *Tillottson*, 97 id. 1; *Hammond* v. *Morgan*, 101 id. 179; *Arnold* v. *Parmelee*, 97 id. 652; Code of Civ. Pro. § 1350.) The plaintiffs are entitled to a hearing here upon the exceptions taken on the trial before the jury    (*Carroll* v. *Deimel*, 95 N. Y. 255.) Judgments are evidence only between parties and privies. (*Miller* v. *White*, 50 N. Y. 137.) If any one of the scheduled debts of the assignor were not *bona fide* obligations, the assignment was fraudulent in law. (*Talcott* v. *Hess*, 31 Hun, 283; *Bostwick* v. *Menck*, 40 N. Y. 383; *Am. Ex. Bk.*, 15 How. Pr. 193; 36 Barb. 291; *Decamp* v. *Marshall*, 2 Abb. [N. S.] 373.)

*Nathaniel C. Moak* for respondents. Plaintiffs not having in their notice of appeal specified that they would claim to review the General Term order affirming the Special Term order denying plaintiffs' motion to set aside the verdict upon the specific question submitted to the jury, and for a new trial thereon, or from the Special Term order denying their motion for a new trial upon the verdict, they have not brought up such orders and they cannot be reviewed on this appeal. (Code of Civil Pro. §§ 1301, 1316, 1317; *Reese* v. *Smith*, 95 N. Y. 645, 646; *Patterson* v. *McCann*, 38 Hun, 531, 534, 535; *Cameron* v. *Equitable, etc.*, 45 N. Y. Supr. Ct. 628; *Piper* v. *Van Buren*, 27 Hun, 384, 386, 388.) As plaintiffs cannot review the General Term order affirming, or the order denying a new trial of the verdict on the specific question of fact submitted to the jury, their review is confined to the questions and only to questions which arose on the trial before the court, and exceptions which they took on the trial before the court. (*Carroll* v. *Deimel*, 95 N. Y. 255; *Clark* v. *Mosher*, 11 N. Y. State Rep. 758; 14 N. E. Rep. 96; *Arnold* v. *Parmelee*, 97 N. Y. 652; 21 Weekly Dig. 70; *People* v. *Kealor*, 36 Hun, 592, 595; *Fox* v. *Moyer*, 54 N. Y. 131.) The only question of fact tried was, whether the assignment of Leland was made in good faith and without intent to defraud his creditors. The finding of the court on that was amply sustained by the evidence and is not open to review here. (Code Civil

Pro. § 1337.)   An erroneous ruling in an equity suit is no ground for a new trial, if the court is satisfied the result ought not to have been different. (*In re Application, etc.*, 90 N. Y. 342, 347; *Wright* v. *Dugan*, 15 Abb. N. C. 107, 120, 121; *Marsh* v. *Pierce*, 21 N. Y. Weekly Dig. 51; *Demont* v. *Niarpaes*, 8 id. 94, 95.) In an action by a creditor to set aside instruments as fraudulent, the burden is on the plaintiff, and facts not found are negatived by implication. (*Pfeiffer* v. *Moore*, 15 Weekly Dig. 146; *Anthony* v. *Day*, id. 296; 89 N. Y. 629; *Brown* v. *Halsted*, 17 Abb. N. C. 197.) The proof, whether direct or circumstantial, must naturally and logically indicate the existence of fraud. (*Schultz* v. *Hoagland*, 85 N. Y. 464, 467; *Wilson* v. *Forsyth*, 24 Barb. 105, 106; *Strongfield* v. *Fields*, 7 Civ. Pro. 356, 360; *Morris* v. *Talcott*, 96 N. Y. 100, 104, 107, 108; *Munzesheimer* v. *Mayer*, 66 How. Pr. 484; *Am. Ex. Bk.* v. *Webb*, 15 id. 193, 194; *Emigrant, etc.,* v. *Roche*, 93 N. Y. 374; *Sibley* v. *Killom*, 19 N. Y. Weekly Dig. 190; 32 Hun, 423; *Cuyler* v. *McCartney*, 40 N. Y. 221; *Wells* v. *O'Connor*, 27 Hun, 428.) A judgment against the debtor, unless shown to have been fraudulently obtained, concludes other creditors as to the validity of the claim recovered upon. (*Ludington's Petition*, 5 Abb. N. C. 308, 323, 326; *Burgess* v. *Simonson*, 45 N. Y. 225, 227, 229; *Wells* v. *O'Connor*, 27 Hun, 428, 429; *Candee* v. *Lord*, 2 N. Y. 269, 274, 275, 276; *Hall* v. *Stryker*, 27 id. 596, 609, 610; Bump on Fraud. Conv. [3d ed.] 521, 522, 576; Abbott's Trial Ev. 738; *Hinde* v. *Longworth*, 11 Wheat. 199, 210; *Carpenter* v. *Osborn*, 102 N. Y. 552, 557; *Atkins* v. *Hosley*, 3 T. & C. 322; Well's *Res Adjudicata* and *Stare Decisis*, § 177; *Voohies* v. *Seymour*, 26 Barb. 585; *Rinchey* v. *Stryker*, 28 N. Y. 45; *McParland* v. *Bain*, 26 Hun, 42 43; *Honegger* v. *Wettstein*, 94 N. Y., 252, 262, 263; *Pickett* v. *Pitkin*, 64 Ala. 522; *Swihart* v. *Spaner*, 24 Ohio St. 432; *Ferguson* v. *Kiemler*, 11 Minn. 104, 110; *Granger* v. *Clark*, 22 Me. 130; *Cincinnati* v. *Deikmier*, 31 Ohio St. 245, 246.) It is immaterial whether the judgment was recovered before or

after the bringing of this suit. (*Van Orman* v. *Phelps*, 9 Barb. 500 ; *Burgess* v. *Simonson*, 45 N. Y. 225 ; *Ludding-ton's Petition*, 5 Abb. N. C. 308, 323, 326 ; *Candee* v. *Lord*, 2 N. Y. 269, 275, 276 ; *Rinchey* v. *Stryker*, 28 id. 45, 53 ; *Kinsey* v. *Ford*, 38 Barb. 195, 197, 199.) The assignment being simply to pay amounts due the preferred creditors, any creditor, or the assignee, could contest the amounts on proof of debts. (Bishop on Insolvent Debtors [2d ed.], 386, 389, 390 ; Burrill on Assignments [4th ed.], 728, 729, § 480 ; *Kavanaugh* v. *Beckwith*, 44 Barb. 192, 195 ; *In re Wilkin-son*, 21 N. Y. Weekly Dig. 266 ; *Brown* v. *Halstead*, 17 Abb. N. C. 197.) The fact that debts are preferred by the assign-ment for larger amounts than are due is open to explanation, and is not *per se* conclusive evidence of a fraudulent intent. The assignee is not bound to pay the debt at the amount therein specified. (*Kavanaugh* v. *Beckwith*, 44 Barb. 192, 195 ; *Brown* v. *Halstead*, 17 Abb. N. C. 197.)

GRAY, J. The appellants argue that they did not have such a trial of this action as they were by law entitled to, and they filed exceptions to the findings of the trial judge upon which the judgment was entered, as having been made without jurisdiction.

Their appeal brings up for review the legality and regularity of the proceedings in this action, which resulted in the judg-ment appealed from. Of course, if the plaintiffs did not have that form of trial of the action which is secured to all suitors by the laws of this State, then there was no warrant in law for the entry of a judgment. Trial in the mode and by the tri-bunal prescribed by law, is a substantial right, and a party cannot be deprived of it in the discretion of the judge. A jury trial is not a matter of right in an equity cause, and the judge may try all the issues or he may send any question to the jury. And only where the question, tried out before the jury, does not really embrace the determination of all issues of fact in the action, does the law require a further trial by the court of remaining issues. The mode of trial of an equity action is

a matter of discretion with the court. (Code, §§ 971, 972; *Powell* v. *Waldron*, 89 N. Y. 328; *Carroll* v. *Deimel*, 95 id. 252.) The proceedings are not changed by the provisions of the Code of Civil Procedure from those which previously existed in the case of a feigned issue. (*Colie* v. *Tifft*, 47 N. Y. 119; *Birdsall* v. *Patterson*, 51 id. 43; *Vermilyea* v. *Palmer*, 52 id. 471.)

In an equitable action, where the court seeks the aid of a jury upon the trial in the determination of any question, there is no reason why the court may not adopt the findings of the jury as the facts of the case, or why it may not modify such findings, or why it should not render a decision as though the trial had taken place without a jury. The trial is entirely within the control of the court, and no prejudice can accrue to the rights of the parties.

In *Learned* v. *Tillotson* (97 N. Y. 6), Judge MILLER said, in speaking of the effect of a verdict of a jury upon specific issues, that the court "could treat it as entirely conclusive and dispense with the evidence upon the issues presented, or it could allow other evidence to be given, or entirely disregard the verdict and find the fact according to its own judgment (citing many cases.) The Code of Procedure did not change the rule, but left the verdict of the jury as evidence only and not a determination of the issue." And in *Hammond* v. *Morgan* (101 N. Y. 186), Judge EARL said, upon the same subject of the effect of submission of issues to a jury for the aid and information of the court: "If the questions thus submitted to and answered by the jury, together with the facts admitted by the pleadings, cover the whole case so that no further facts need be proved for the information of the court, motion may at once be made for judgment. Upon such motion both parties have a right to be heard, and the court may order judgment upon the case as then made, or it may set aside the findings of the jury, or use some of them, and it may allow either party to give further evidence." And the same learned judge says that it is only where the findings of the jury and the admissions of the pleadings do not cover the

whole case and other issues remain to be tried, or other facts remain to be proved, that the case must be regularly brought on for a hearing before the court. (*Madison University* v. *White*, 25 Hun, 490.)

By their verdict the jury, in effect, found that Leland's assignment was not made to hinder, delay or defraud his creditors, and there being evidence to sustain that verdict it is conclusive on that point. If the proofs taken during the jury trial were such as to warrant, in addition, the findings of fact made after the verdict by the trial judge, we think the court had jurisdiction to make them. In making findings the court merely formulated its decision arrived at upon the proofs taken on the trial and upon the findings of the jury.

The appellants' position is that there remained issues to be tried beyond the specific issue submitted to the jury, which was contained in the interrogatory propounded to and answered by them; and that as to those remaining issues there was no trial, nor had they the opportunity to object to the testimony given before the jury. (Code of Civil Procedure, § 1225.) For convenience of reference those findings, of which appellants complain as having been made without a trial, are given here *in extenso :*

"11. Said assignment was made by said Leland in good faith without intent to hinder, delay or defraud his creditors.

"12. That the debts set forth in said assignment as due from defendant Leland to Horace S. Leland and Noble B. Wiggins, Horace S. Leland, of Springfield, Illinois, and Lewis Leland, and to Messrs. Smith, Moak & Buchanan, which were preferred under said assignment, were not fictitious; that, in fact, such indebtedness existed and the same were not inserted for the purpose of enabling defendant Leland to distribute the proceeds of the property and estate passed under the assignment or any part thereof amongst his friends, or thereby to keep the control or possession thereof or of any part thereof himself.

"13. Defendant Leland, in fact, assigned all of his property

and did not conceal or dispose of any portion of the same with the intent to defraud his creditors.

"14. Under said assignment said Leland did not fraudulently prefer a large number or any of his creditors, or for the purpose of so dividing the assets passed under the assignment, or any part thereof, that these plaintiffs might receive but a small portion of the same, or with the object of forcing these plaintiffs to accept a compromise of their judgment against him."

"CONCLUSIONS OF LAW.

"1. The defendants are entitled to judgment herein against the plaintiffs.

"2. That defendants recover against the plaintiffs their costs of this action, and three per cent additional allowance or costs upon $8,000.

"And judgment is ordered for the defendants against the plaintiffs as aforesaid."

Although in this case the finding of the jury was in answer to the one question submitted to them, it really involved, upon the proofs taken, the determination adversely to the plaintiffs of the matters found by the court in the findings excepted to; for had the plaintiffs, upon whom lay the burden of proof, succeeded in establishing upon the trial that there were fictitious preferences, or that the assignor had not assigned all of his property, but had fraudulently concealed or disposed of a portion of it, or that there had been any fraud practiced upon his creditors by the assignor, then no such verdict could have been rendered. But if it is objected that the finding of the jury is confined in its effect to the one interrogatory propounded to them, then we say that the proofs were before the court upon which it might supplement the jury's finding by further findings determinative of the issues. The issues of fact raised by the answer to the complaint were precisely those which are defined by the findings excepted to, and there were no others raised by the pleadings.

The parties here have had their opportunity to present their proofs and availed themselves of it. The decision of the

court adopts the finding of the jury, and is based upon it and the proofs which preceded and led to the verdict. No more issues of fact remained to be tried, as appellants' counsel urged upon his argument. The issues had been tried out upon the question of the validity and good faith of the assignment, and plaintiffs offered no further evidence and made no request for any further trial. These facts, with the failure of any suggestion upon the mode of trial, we think, constituted a waiver of any possible objection on their part. Indeed, their motion for a new trial was equivalent to an admission that there had been a trial of the issues raised by the pleadings.

Much testimony was taken before the jury upon the question submitted to them in relation to the making of the assignment by Leland and in relation to the debts set forth therein as owing to Leland and Wiggins; to Horace S. Leland, of Springfield, Illinois; to Lewis Leland and to Smith, Moak & Buchanan; and also as to the existence of fraudulent preferences, and as to whether there had been any concealment or fraudulent disposition of the assignor's property; all of which matters the twelfth, thirteenth and fourteenth findings embrace. As to the character of the indebtedness to Smith, Moak & Buchanan, appellants do not further insist on this appeal. But they do still contend as to the debts mentioned in the twelfth finding and as to a fraudulent concealment of property.

As to fraudulent concealment of property by the assignor, the proof relied upon was the suppression of an outstanding policy of insurance on which some moneys were collected. The testimony of Leland was that he had not supposed it represented any value, and never had known anything about it since the time, several years before, when he had placed it in the hands of an individual for collection. The company had become insolvent. The witness said he had never received any moneys upon it, and it had passed out of his mind. This was sufficient evidence upon which the court or jury could say whether it did or did not exonerate the assignor from a charge of concealment of property.

As to the findings in relation to fictitious preferences, there was evidence enough to sustain them. The testimony as to the indebtedness to Leland and Wiggins, and to H. S. Leland and Lewis Leland, and as to his omission to refer to the existence of such debts upon his previous examination as surety upon a bond, was given by the assignor. He explained the omission by a statement that he had become surety upon a bond for $2,500, and upon his examination had testified as to his property in the Leland Opera House and as to its value and the mortgage indebtedness upon it; that his examination was a hurried one, and he had supposed he was testifying as to his hotel or opera house debts. It was for the jury and the court to accept or reject his explanatory statements. They appear to have considered the evidence satisfactory to prove good faith, and we are thereby concluded. There was evidence as to the contracting of the debts to Wiggins and Leland and to H. S. Leland and Lewis Leland, and as to the genuineness of those debts, in the testimony of Lewis and Charles E. Leland, and warranted the finding of the court on that head. We do not see what issues of fact in the action remain to be tried, even had plaintiffs suggested some at the time. The proofs covered all the ground on which the jury's verdict and the trial judge's findings rested.

The only exceptions insisted upon by appellants were to the admission in evidence, upon the trial, of certain judgments as proof of the validity of debts mentioned in the assignment, and for which the judgments were obtained subsequently to the assignment. We think no error was committed by the learned trial judge. We think the evidence was sufficient to warrant his finding, and it was of that nature that made it essentially a part of the case on which the jury had to deliberate and find in rendering a verdict as to the *bona fides* of Leland's assignment. It should be a sufficient answer to any objection of appellants that the judgments were put in evidence by the plaintiffs themselves. A judgment is conclusive as between the parties upon the matters litigated, and as to all matters which were or might have been set up by way of

defense.  It has been repeatedly held by this court that as to creditors a judgment must be deemed conclusive evidence as to the property of the debtor, the indebtedness and the amount of such indebtedness, if obtained without fraud or collusion.  (*Candee* v. *Lord*, 2 N. Y. 269; *Hall* v. *Stryker*, 27 id. 596; *Burgess* v. *Simonson*, 45 id. 225 ; *Carpenter* v. *Osborn*, 102 id. 552.)

The creditors are not estopped from contesting the genuineness of a judgment and from proving fraud or collusion in its procurement.  In the present case it was open to the plaintiffs to contest the genuineness of these judgments and the *bona fides* of the indebtedness for which entered.

These views lead to an affirmance of the judgment appealed from.

All concur except PECKHAM, J., not sitting.

Judgment affirmed.