### BLUNT *v.* HIBBARD *et al.*

(*Common Pleas of New York City and County, Special Term.* November 28, 1888.)

JURY—RIGHT TO JURY TRIAL—EQUITABLE ACTION.

An action to set aside a composition deed, and to vacate an order discharging an assignee on the ground of fraud, and to obtain an order for the payment in full of plaintiff's claim, and for the appointment of a receiver, is an equitable action, and the sending of issues to a jury being, under Code Civil Proc. N. Y. §§ 969–971, discretionary in such case, the court will not send the issues to a jury where they are very numerous, and involve intricate questions of law, and many of them have been decided as to some of the parties in another action.

This is a motion by defendants for trial of issues by a jury. The firm of Baxter, Bell & Co. made an assignment for the benefit of creditors to defendant Hibbard. Afterwards a composition deed was obtained from their creditors, which the complaint in this case alleges to have been obtained by fraudulent representations as to the assets and liabilities of the firm, and under a secret understanding with certain creditors that they should receive a larger percentage than provided in the deed, and that the assets of the firm, which were sufficient to pay all creditors in full, were conveyed to Hibbard upon condition that he settle with the creditors in accordance with the compromise. The complaint also alleges that Hibbard filed a false schedule of assets and liabilities, and was afterwards discharged as assignee on a petition stating that the assets were insufficient to pay the compromise, and that the referee appointed to state the accounts, without stating any account, made a report that the assignee should be discharged, which report was confirmed by the court. The defendants deny fraud, and set up that the deed of composition was obtained after full investigation by a committee of creditors, and under an agreement by the creditors that absent creditors refusing to sign the deed, whose claims were less than $100, might be paid more than the percentage mentioned in the deed; that the assets were insufficient to pay the compromise; and that Hibbard had advanced a large amount of his own money, and that this had been done with the knowledge of plaintiff's assignors, who made no objection that there was any fraud. They also set up the statute of limitations, nonjoinder of the representatives of deceased partners, and deny that plaintiff is the real party in interest.

*Charles E. Miller,* for plaintiff. *Ernest Hall,* for defendants.

BOOKSTAVER, J. The action is brought to set aside a certain composition deed and release on the ground of fraud; also to vacate an order discharging an assignee on the ground of fraud, and to obtain a decree requiring all the defendants to pay the plaintiff his claim against the debtors, and that a receiver be appointed. The issues presented for trial by a jury are 33 in number. This fact alone, it seems to me, would be a sufficient reason for not sending them to the jury. They are so many that the jury would necessarily be confused; besides, many of the issues presented have been determined as to some of the parties in another action, and intricate questions of law must arise upon the trial of these issues. While any judge would be glad to be relieved of the responsibility of determining the questions of fact, I do not think his labors in the end would be the less; and I am convinced that the rights of the parties would be better protected if a judge were to determine all of the issues, both of fact and of law. Besides, the motion was not made within 10 days after issue joined, and I think it is too late, under rule 31. Notwithstanding defendants' contention, I think the action is one peculiarly within the province of a court of equity, and the sending of issues to a jury for trial is therefore discretionary, (Code, §§ 969–971;) and where such intricate questions are involved, I think, the discretion should not be exercised, (*Acker* v. *Leland,* 109 N. Y. 5, 15 N. E. Rep. 743.) The motion is therefore denied, without costs.