IRENE PINTO DE CARRILLO, Respondent, *v.* ENRIQUE CARRILLO, Appellant.

*Bill of particulars — not ordered unless a party establishes his ignorance of the facts required to be furnished thereby — particularity required in framing issues for trial.*

| 53 | 359 |
| 76 | 588 |
| 53h | 359 |
| d 38 Mis⁴673 | |

In an action for divorce, in which the complaint alleged adultery on the part of the defendant at the city of Havana, on the Island of Cuba, at divers times between the 1st of January, 1887, and the commencement of the action, with a woman whose name was unknown to the plaintiff, a motion was made by the defendant for a bill of particulars. No affidavit whatever was made by the defendant and no information appeared to have proceeded from him, in any form, indicating his inability to meet this charge by proof on the trial.

The affidavit, upon which the motion was made, was verified by one of the attorneys for the defendant, in which he stated that it was not possible for himself or the defendant to make good the defense unless the plaintiff furnished particulars as to the specific dates on which the acts alleged were said to have been committed, and also as to the places in the city of Havana at which they were alleged to have taken place.

*Held*, that this affidavit of the attorney was insufficient to entitle the defendant to a bill of particulars, as it failed to establish the fact that the defendant himself was, in any manner, ignorant of the individual with whom or of the time or places at which the adultery was alleged to have taken place.

That, as the issues in this action had, on the application of the defendant, been directed to be tried by a jury and special issues were required to be framed, that in framing those issues care should be taken to add such certainty to the charges of misconduct on the part of the defendant as would afford him a complete opportunity to meet such charges by proof upon the trial.

Appeal from an order made at a Special Term held in the county of New York, dated January 21, 1889, which was entered in the office of the clerk of the county of New York on the same day, denying a motion made by the defendant for a bill of particulars.

*Emmet R. Olcott* and *William Q. Judge*, for the appellant.

*William Nelson Cromwell* and *Merritt E. Haviland*, for the respondent.

Daniels, J.:

The complaint, which is for a divorce, alleged adultery on the part of the defendant, at the city of Havana, in the Island of Cuba, at divers times between the first of January, 1887, and the

commencement of the action, with a woman whose name is unknown to the plaintiff. And it was principally as to this averment that the motion was made for a bill of particulars, and, ordinarily, where the motion is sustained by the affidavit of the party, stating his inability to meet the charge without a more particular description or statement of the facts attending it, a bill of particulars will be ordered (*Cardwell* v. *Cardwell,* 12 Hun, 92); or when the motion is made in time the complaint may be directed to be made more definite and certain. But the defendant is not necessarily, and, as a matter of course, entitled to such a bill of particulars. (*Mitchell* v. *Mitchell,* 61 N. Y., 398.) To entitle his application for the bill to success, his probable inability to meet the allegation as it is set forth in the complaint should be shown, for, notwithstanding the very general nature of the allegation, he may be fully aware of the individual intended to be referred to in making it; and if he has that knowledge or information, then he cannot be misled or prejudiced in his defense by the omission to state the name, or give the description of the person in the complaint, or to designate the place where the misconduct may have occurred.

In this case no affidavit whatever has been made by the defendant, and no information appears to have proceeded from him, in any form, indicating his inability to meet this charge, by proof upon the trial, in the form in which it has been made. His answer was not sworn to, as it was not required to be by the practice of the court; neither has he, in any manner, asserted his ignorance of the person or place intended to be referred to in this paragraph of the complaint. But the affidavit on which the motion was made is that of the attorney for the defendant, and he has stated in his affidavit that it is not possible for himself or the defendant to make good the defense, unless the plaintiff furnishes particulars as to the specific dates on which the acts alleged are said to have been committed, and also the places in the city of Havana at which they are alleged to have taken place, and that a bill of particulars is required by the defendant for this purpose. This affidavit of the attorney is wholly insufficient to entitle the defendant to a bill of particulars, for it fails to establish the fact that the defendant himself is in any manner ignorant of the individual or of the time or places where the adultery is alleged to have taken place. On so defective an

affidavit as this was, the court was right in refusing the motion for a bill of particulars. In addition to that, there was so much delay in making the application that it was not entitled to the favorable consideration of the court.

The issues in the action have been directed to be tried by a jury on the application of the defendant. For that trial special issues are required to be framed, and, in framing those issues, care will be taken, on the objection of the defendant, to add such certainty to the charges of misconduct on the part of the defendant as will afford him a complete opportunity to meet, by proof, such charges upon the trial. Where the complaint is too general and indefinite, it has been the practice, in settling the final issues, to express them with such a degree of particularity as will avoid all ground for surprise on the part of the defendant. ( *Wood* v. *Wood*, 2 Paige, 108–113.) That course is still available for the defendant, and will entitle him to such a statement of the facts as will enable him, understandingly and carefully, to prepare for the trial.

The order from which the appeal has been taken should be affirmed, together with ten dollars costs and also the disbursements.

Van Brunt, P. J.:

I concur, upon the ground that the court should, in framing the issues as to adultery (which are the only issues to be tried by a jury), see that such issues are sufficiently definite and certain to apprise the defendants of the specific charges which he is called upon to meet.

Barrett, J.:

I concur upon the same ground. The issued to be framed should be specific.

Order affirmed, with ten dollars costs and disbursements.