## BORLEY *v.* WHEELER & WILSON S. M. CO.

(*Supreme Court, General Term, Third Department.*   December 12, 1890.)

1. APPEAL—REVIEW—ABSENCE OF EXCEPTIONS.
    In the absence of exceptions, rulings made upon a trial cannot be reviewed.
2. SAME—CONTINUANCE—DISCRETION.
    Adjournments are in the discretion of the trial judge, and rulings in regard thereto will not be disturbed, unless in case of abuse.

Appeal from judgment on report of referee.

Action by John Borley against Wheeler & Wilson Manufacturing Company to recover for services performed as a canvasser.   There was judgment for plaintiff, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Alvah S. Newcomb,* for appellant.   *C. R. Adams,* for respondent.

LEARNED, P. J.    There are no exceptions in this case, except to the refusal to adjourn.   Therefore none of the rulings made on defendant's objection can be heard.   This is settled in *Briggs* v. *Waldron,* 83 N. Y. 582, where the court would not hear an argument on rulings, although there was a stipulation that it was understood upon the trial that an exception followed every objection.   The reasons given by the court of appeals in that case are very sound; the rule there stated should seldom, if ever, be disregarded.

On the refusal to adjourn, we need only say that adjournments are in the discretion of the trial court.   We should not interfere, unless in case of abuse, and nothing of that kind appears.   The defendant claims that certain findings of the referee are unsupported by evidence, especially as to the Dorsey sale, and as to commissions.   But the evidence to support these findings is in the case; only the defendant claims that it was improperly admitted.

As above stated, the defendant did not except to the admission of the evidence, and therefore we have nothing to review. In the language of the case above cited, which should be fully understood, "the provisions of law, which require a party desiring to renew rulings upon a trial to take exceptions in proper form, are established for the convenience of courts as well as for the protection of parties; and the latter cannot by stipulation have their cases heard on appeal without regard to these provisions." Judgment affirmed, with costs.