*H. D. Bailey*, for appellant. *J. A. Cipperly*, for respondents.

LANDON, J. A denial in a verified answer made upon information and belief is good. *Bennett* v. *Manufacturing Co.*, 110 N. Y. 150, 17 N. E. Rep. 669. The plaintiffs insist that the denial went to the allegations contained in the first cause of action, and that the allegation of the partnership of the defendants was not any allegation requisite to the cause of action, and therefore is not covered by the denial. The answer evidently goes to the allegations of the paragraphs of the complaint as numbered, and thus covers the allegation of partnership. Besides, the allegation of each paragraph of the complaint is that the goods were sold to the defendants as partners, and thus a partnership in their purchase, if not general, was an essential part of plaintiffs' case. The court erred, therefore, in disregarding the answers, and that error requires a reversal, unless the plaintiffs prove their case by evidence admissible, notwithstanding the objections thereto interposed by the defendants.

The main question of fact seems to have been whether the appellant Edward M. Walker was a partner of his co-defendant. Charles G. Eddy testified that he sold the goods to C. F. Walker, and that C. F. Walker, prior to the sale, told him that Edward M. Walker was his partner. This was objected to as inadmissible, and hearsay as against Edward M. Walker. It clearly was so, and it was error to overrule the objection and receive the testimony. There was abundant evidence that C. F. Walker used the name of C. F. Walker & Co., and represented that Edward M. Walker was his partner. This evidence was received, notwithstanding appellant's objections. It was not admissible. There is slight, if any, evidence competent against Edward M. Walker showing that he was such partner. The judgment against him should be reversed, with costs. All concur.

---

## KLOCK *v.* BRENNAN *et al.*

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

1. PLEADING—ANSWER—BILL OF PARTICULARS.

The answer in an action contained general allegations of various payments, without specifying the amounts or dates thereof. *Held*, a proper case for a bill of particulars on a demand by plaintiff, under Code Civil Proc. N. Y. § 531, providing for the delivery, on a written demand therefor, of a copy of an account alleged in a pleading, without setting forth the items, and that the court may, in any case, direct the delivery of a bill of particulars of the claim of either party.

2. SAME—DELAY.

The demand for a bill of particulars of a defense was not made until nine months after the service of the amended answer, and after the case had been on the calendar during three circuits, but no evidence appeared of any vexatious delay. *Held*, that the demand should not be set aside on the ground of laches.

Appeal from special term, Saratoga county.

Action by Julia A. Klock against Fannie Brennan and John H. Brennan, executors of George B. Bixby, deceased. Plaintiff appeals from an order setting aside plaintiff's demand for a bill of particulars "of the accounts, defenses, demands, set-offs, counter-claims, and payments, stated and set forth in the defendants' answer as follows:" (1) "The items, amounts, and dates of any and all payments alleged to have been made by Electa Bixby to plaintiff in folio 4 in defendants' answer." (2) "The items, amounts, and dates of any and all payments alleged to have been made by George Bixby and Electa Bixby in folio 5 of defendants' answer." (3) "The items, amounts, and dates of any and all payments alleged to have been made by George Bixby to plain-

tiff, for care and board of Electa Bixby, in folios 5 and 6 in defendants' answer."
This action is brought to recover for board, care, and attendance by the plaintiff of Electa Bixby, for whose support, maintenance, and care it is alleged
the defendants' intestate was liable.   The cause was at issue upon complaint
and answer, on the 20th of January, 1880, and was on the calendar after issue at three circuits, on notice by both parties, but was on each occasion postponed by order or stipulation, and was finally, by consent of the parties and
permission of the court, set down for trial for the 6th of November, 1890.
On the 21st of October, 1890, one day after the cause was set down for trial,
the plaintiff served the demand for a bill of particulars, which was set aside
by an order of the special term, from which order this appeal is taken.
    Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.
    *Jesse Stiles*, for appellant.   *J. W. Houghton*, for respondents.

MAYHAM, J.   The Code of Civil Procedure relieves a party in the first instance in a pleading from setting forth the items of an account therein alleged.   Code, § 531.   But the same section provides, upon a written demand,
for a delivery of the copy of the account, and concludes with this general provision:   "The court may in any case direct a bill of particulars of the claim of
either party to be delivered to the adverse party."   The affidavit of the plaintiff discloses her entire ignorance of the alleged payments in the defendants'
answer alleged, and shows that she will not be able to prepare to meet the
same on the trial unless furnished with a statement of the sums, items, dates,
and amounts constituting the alleged payment and satisfaction set up in the
answer.   If payments have been made, in settlement and satisfaction of plaintiff's claim, they must have been made at times and in amounts capable of
statements with approximate accuracy.   The object of a bill of particulars is
to enable a party to know with reasonable certainty the nature, character, and
extent of the claim made by his adversary, and substantially the time when
it accrued, so as to enable an intelligent person preparation for the trial of the
same.   In *Matthews* v. *Hubbard*, 47 N. Y 428, RAPALLO, J., in discussing
this question, says:   "The office of a bill of particulars is to apprise the defendant [party] of the items which he intends to prove upon the trial."
Clearly, the defendants could not on the trial establish their defense of payment by proof as general as the allegation in the answer.   They would be required to establish payment by proof of particular amounts, aggregating an
amount equal to the amount of indebtedness established by the plaintiff, and
it would seem to be no hardship to apprise the plaintiff of the same by a bill
of particulars.   In *Witkowski* v. *Paramore*, 93 N. Y. 467, the plaintiff in his
complaint claimed to recover for moneys collected by the defendant for him,
which he failed to pay over.   The answer set up, in a general way, set-off
against plaintiff's assignor for moneys loaned and advanced and laid out
by the defendant, at the request and for the benefit of plaintiff's assignor, and
the court says:   "This was a proper case for requiring the defendant to furnish particulars of his claim.   *   *   *  To meet this defense, the plaintiff
was entitled to be informed of the particulars of the alleged loan, and advances in consideration of which, as alleged, the transfer was made.   The
order for particulars required the defendants to state the times or time and
the amounts of the several advances, whether made by check or otherwise,
and whether made to Lichtenbur in person, and, if not, to whom, and by
what member of defendant's firm."   And the court held that such particulars
did not call for any disclosure beyond what may fairly be required to enable the plaintiff to prepare to meet the defense.   In *Barkley* v. *Railroad*
*Co.*, 27 Hun, 516, it was held in this department that section 531 of the Code
of Civil Procedure does not limit the right to demand a bill of particulars to
a cause of action upon an account stated, and that the word "account," as
used in that section, applies to almost every claim or contract which consists

of several items, and the court, in pronouncing its unanimous decision, uses this language: "The complaint alleges the delivery of wood from time to time, and payments by the defendant on account thereof, from time to time. The defendant demands the items of the account. We see no reason for limiting the right to make such demand to the case of an account stated. * * * In ordinary language, the word 'account' is applied to almost every claim on contract which consists of several items, and there is no necessity for giving any limited meaning to the word as it is used in section 531 of the Code of Civil Procedure. No harm can arise to the plaintiff. He need only serve a copy of those accounts as he deems sufficient. * * * It was very unnecessary for the plaintiff to make a motion to set aside the demand, and we are not willing to say that such a motion can ever be proper. If the plaintiff is without the means of giving particulars, he can make that as an excuse, when a motion should be made for a further account, after he should have made and served the best in his power." On these reasons, the order setting aside the demand for a bill of particulars was reversed. It is true that in that case the motion was made by plaintiff to set aside the defendant's demand. But there can be no difference in principle, as section 531 of the Code of Civil Procedure allows either party to make the demand for a bill of particulars. We are therefore of the opinion that this was a proper case for furnishing a bill of particulars upon a demand, and, unless the plaintiff has lost her right to the same by laches, the order setting aside the demand should be reversed.

But it is insisted that the plaintiff had forfeited her right to a bill of particulars by her delay in making the demand, and reliance is made, in support of that position, upon *Masterson* v. *Mayor, etc.*, 4 Civil Proc. R. 317; *Vanderzee* v. *Hallenbeck*, 14 N. Y. St. Rep. 449; and *Carrillo* v. *Carrillo*, 6 N. Y. Supp. 305. In the first of these cases a motion was made for a bill of particulars after the cause was at issue, and on day calendar for trial, and the proof on the motion shows that the defendant had the plaintiff's deposition taken before issue joined, in which the items and dates of the plaintiff's claim fully appeared, and the court denied the motion, on the ground that the information was not necessary, and that the defendant, having waited until the eve of the trial, should not be permitted thus to embarrass and delay the plaintiff. In *Vanderzee* v. *Hallenbeck*, 14 N. Y. St. Rep. 447, it was held that the order for a bill of particulars rested in the discretion of the court, which, however, was subject to review on appeal, and the delay in moving for a bill of particulars is a proper subject for consideration, in the exercise of that discretion. In *Carrillo* v. *Carrillo*, 6 N. Y. Supp. 305, the court says that "ordinarily, where a motion is sustained by the affidavit of the party stating his inability to meet the charges without more particular description or statement of facts attending it, a bill of particulars will be ordered." In this case the motion was denied, on the ground that the affidavit was not made by the party but by his attorney, and did not show that the defendant was ignorant of the nature of the charges, and that, as issues were to be found by the court, care would be taken to so frame them as to fully apprise the defendant of the particulars, and afford him a complete opportunity to meet them by proof. The motion in this case was not denied on the ground of laches in moving. The interval between the service of the amended answer and the demand in this case is from January to October, and longer than would seem to be necessary; but as the affidavit in support of the demand and bill of particulars seems sufficient, and there is no evidence of any vexatious delay, we think the demand should stand, and the order setting it aside should be reversed. Order reversed, and motion denied, with $10 costs of this appeal and printing disbursements. All concur.