76  585
92  386
76  585
24ap467

CHARLES S. WHITNEY, Respondent, *v.* SARAH E. WHITNEY, Appellant.

*Action for divorce — settlement of issues — how waived — right to trial by jury — when a new trial will not be granted — what is reviewable on appeal — motion for postponement — abuse of discretion.*

In an action for divorce it is necessary that the questions to be tried by a jury be stated, and the parties have a right to have them settled for that purpose; and, where the issues are stated and settled in pursuance of a stipulation of the attorneys for the parties, they respectively waive the right to have, preliminarily to the trial, any more questions specifically stated and settled.

Although the defendant in an action for divorce is not, as a matter of course, entitled to a bill of particulars, she has, in the outset, the right to have the issues express the charges of misconduct on her part with a fair degree of particularity, so that she may be apprised of those she is required to meet.

Where a case was tried upon the merits and the verdict, upon the main issues tried by the jury, supplemented by the further facts found by the court, was such as to properly lead to the judgment directed and entered, there is no support for the contention that there was a mistrial thereof.

The trial by a jury of the question of the alleged adultery, in an action for divorce, is a right preserved to the parties by the Constitution.

In an action for divorce a new trial of the issues will not be granted for other than substantial errors upon the trial.

In an action for divorce where no motion for a new trial was made, and no direction was given that it be heard, the person against whom the judgment was rendered is in no position to raise, upon an appeal therefrom, any question upon the rulings as to the reception or rejection of evidence at the trial of the issues submitted to the jury, or as to the force or weight of the evidence in support of the verdict.

A motion made for the postponement of the trial of an action founded upon the alleged ill-health of the defendant, and her inability to attend the trial, is addressed to the discretion of the court, and there is no abuse of its discretion in denying such motion, where the defendant was present and testified as a witness on such trial.

APPEAL by the defendant, Sarah E. Whitney, from a judgment of divorce of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 7th day of September, 1889, upon the verdict of a jury after a trial at the Allegany Circuit, with notice of an intention to bring up for review on such appeal an order made at the Allegany Circuit on the 12th

day of June, 1889, denying the defendant's motion to postpone the trial; and also an order made at said Circuit on the 12th day of June, 1889, overruling the defendant's objections to proceeding with the trial on the ground that the issues had not been properly settled; and also an order made at the Erie County Special Term on the 30th day of July, 1889, overruling the defendant's objections to the verdict, and to the plaintiff's application for judgment upon the ground that the issues had never been properly settled; and also an order entered in said clerk's office on the 7th day of September, 1889, directing final judgment in favor of the plaintiff.

*George Wadsworth*, for the appellant.

*D. B. Richardson*, for the respondent.

BRADLEY, J. :

The parties were married in January, 1878. This action was commenced in February, 1889. And the plaintiff by his complaint alleges various acts of adultery of the defendant with one Ira H. Myers extending from in the year 1880 into the year 1888. The trial furnished a considerable bulk of testimony. There was no direct evidence of the defendant's infidelity. The evidence which tended to support that imputation was made up of circumstances related by the witnesses on the part of the plaintiff, and if taken as true, was sufficient to warrant the inference and lead to the conclusion that the charge made against her was true, but was not conclusive in that respect. The evidence tending in that direction was contradicted by that of Myers and the defendant, and so far as the facts of that character related by the plaintiff's witnesses could come within the knowledge of those called on the part of the defendant, they were also contradicted or modified by the latter's witnesses.

Thus was presented a conflict in the evidence as to the facts material to the main question; and while, as represented by the record, there was an opportunity for the jury, upon the whole evidence to have found that the charge against the defendant of marital unfaithfulness was not sustained, the question in that respect was one of fact for the jury, and the evidence was sufficient to support the verdict against her. (*Ferguson* v. *Ferguson*, 3 Sandf. 307; *Pollock* v. *Pollock*, 71 N. Y. 137.) And it was fairly submitted to

them by the charge of the trial court. It is urged by the defend-
ant's counsel that the issues for the trial were not properly settled
and for that reason that the court erred in permitting the trial to pro-
ceed. The statute provides for the application to the court for the
purpose, and that when made the court must cause the issues or
questions to be distinctly and plainly stated for trial. (Code Civ.
Proc. § 970.)

When the trial was moved on the part of the plaintiff, the defend-
ant's counsel objected to proceeding to the trial for the reason that
the issues to be tried by the jury were not properly settled. The
objection was overruled and exception taken. The ruling of the
court had in its support the fact that the attorneys for the parties
had some time before made in writing a stipulation that " the issues
to be tried by a jury in the above-entitled action be stated as fol-
lows : Whether said defendant is guilty of the adultery charged in
the complaint in this action to have been committed with the
co-respondent, Ira H. Myers, as therein alleged, and that either
party hereto may apply to the court upon this stipulation and with-
out notice for an order stating and settling the said issues accord-
ingly." And afterwards, upon the motion on the part of the defend-
ant, an order was made by the court stating and settling the issues
to be tried in accordance with such stipulation. This was the situa-
tion when the plaintiff's counsel moved the action for trial at the
Circuit. And it was by reason of such stipulation and order that
the court permitted the trial to proceed. In this there was no
error. It was essential to the trial to have the questions to be tried
by the jury stated (Code Civ. Proc. § 823), and it was the right of
the parties to have them settled for that purpose. (*Conderman* v.
*Conderman*, 44 Hun, 181.) This the parties, by their attorneys,
did by their stipulation pursuant to which the order was made to
that effect. They thereby waived the right to have preliminarily
to the trial any questions more specifically stated and settled. The
trial, therefore, was properly permitted to proceed, subject to the
power of the court to state and submit to the jury any further ques-
tions of fact which properly or necessarily were for them to deter-
mine ; and this was done after the close of the evidence by sub-
mitting to them the question whether five years had elapsed since
the discovery of the adultery, whether it was committed without

the plaintiff's consent, and whether he had voluntarily cohabited with the defendant since its discovery by him. This was upon the evidence merely a formal proposition to be disposed of by the verdict in the event the jury found that the main charge was sustained. While the defendant was not as matter of course entitled to a bill of particulars, she in the outset had the right to have the issues express the charges of misconduct on her part with a fair degree of particularity so that she might be apprised of those which she was required to meet. ( *Wood* v. *Wood,* 2 Paige, 108 ; *De Carrillo* v. *De Carrillo,* 53 Hun, 359 ; *Strong* v. *Strong,* 1 Abb. [N. S.] 233.) But since the parties, by stipulation and the order thereupon entered, as before mentioned, disposed of this matter, no question arises on this review whether or not the parties would otherwise have been entitled to or obtained a more specific statement of the questions of fact for the jury. In view of the question for the jury so stated, the defendant's counsel excepted to the charge of the court that it was not necessary to the result to find that all the charges of adultery alleged in the complaint were proved ; and that it was sufficient if they found that one or more of them had been sustained. And in answer to the request of the defendant's counsel to submit the question whether or not the defendant was guilty of the adulteries charged in the complaint as therein alleged, the court said, " You may add to that either or any of them." The defendant's counsel excepted. The question as submitted by the court to the jury in respect to the charge of adultery limited their inquiry to the place of residence of the parties. This certainly was not prejudicial to the defendant, and no exception was taken to it.

The view which the plaintiff's counsel sought to urge seems to have been that the form of the issues as stated in the stipulation and preliminary order, was such that it was essential to the, support of the action that the jury find in the affirmative all the charges of adultery alleged in the complaint, which contained fifty numbered specifications or counts of such charges, or that there should have been a finding of the jury upon each charge contained in the complaint. The latter the court was not requested to have the jury do, and the former may be regarded as not within the reasonable import of the stipulation, as interpreted in view of its purpose in the action. It may be that if so requested the court would have submitted to

the jury as many specific questions as to time and place as the defendant may have desired within the allegations of the complaint.

There is no support for the contention that there was a mistrial. The action was tried upon the merits, and the verdict was such upon the main issues tried by the jury supplemented by the further facts found by the court as to properly lead to the judgment directed and entered. It was otherwise in *Manning* v. *Monaghan* (23 N. Y. 539), where there was no sufficient verdict to permit adjudication of a result.

There was in the present case no motion made for a new trial before the justice there presiding or at the term where the motion for final judgment was made, nor were exceptions directed by such justice to be heard at General Term. For that reason the question arises whether the exceptions taken on the trial are here for review.

The statute provides that in actions triable by the court, when a trial by jury of specific questions of fact is had, an error in the admission or exclusion of evidence, or in any other ruling, may, in the discretion of the court on review, be disregarded, if the court is of the opinion that substantial justice does not require the granting of a new trial. And where the judge who presided at the trial neither entertains a motion for a new trial, nor directs exceptions to be heard at the General Term, a motion for a new trial can be made only at the term where the motion for final judgment is made, or the remaining issues of fact are tried as the case requires. (Code Civ. Proc. § 1003.)

This is somewhat analogous to the practice before the Code when feigned issues were awarded for trial by jury, and verdicts taken to inform the conscience of the chancellor. The verdict might be adopted or disregarded by him, and a motion for a new trial of the issues was addressed to his discretion. A new trial might not be directed merely on the ground of the reception of improper evidence, or the rejection of that which should properly have been received, if in the view taken by the court the result ought not to have been otherwise than it was. (*Apthorp* v. *Comstock*, 2 Paige, 482; *Lansing* v. *Russell*, 2 N. Y. 563.)

And in its main features the practice in effect is substantially the same since the Code. (*Acker* v. *Leland*, 109 N. Y. 5; *Randall* v. *Randall*, 114 id. 499.)

The cases before cited were actions in equity, in which the trial of issues by jury is not a matter of right, but is wholly within the discretion of the court.

The trial by jury of the question of the alleged adultery in the present action was a right of the parties, preserved to them by the Constitution. (*Conderman* v. *Conderman*, 44 Hun, 181.)

And the statute is such case provides the manner in which the issues awarded shall be presented for trial, and further, that "the subsequent proceedings are the same as where questions arising upon the issues are stated for trial by a jury in a case where neither party can, as of right, require such a trial, except that the finding of the jury upon such questions so stated is conclusive in the action, unless the verdict is set aside or a new trial is granted." (Code Civ. Proc. § 970.) It may be observed that by this statutory provision, with the qualification in respect to the legal effect of the verdict, the practice following it is substantially the same as that relating to feigned issues tried by jury in other cases.

Such was the rule of practice in suits for divorce before the Code. (*Mulock* v. *Mulock*, 1 Edw. Ch. 14.) And now, in such case, a new trial of the issues so awarded will not be granted for other than substantial errors upon the trial. (*Forrest* v. *Forrest*, 25 N. Y. 501, 510; *Vermilyea* v. *Palmer*, 52 id. 471; *Foote* v. *Beecher*, 78 id. 155, 157.)

And as regards the review of trials of such specific issues awarded for trial by jury, preliminarily to the final trial, determination and disposition of the other and entire issues by the court, the practice as it formerly existed in Chancery is substantially preserved, and declared by the provisions of the Code before referred to, and with the qualification before mentioned, and that contained in section 1003 of the Code is the same in all cases where feigned issues are tried by jury. And in such case as the trial is a preliminary one to the final hearing and determination of the action, which is made by the decision of the court, a motion for a new trial of such feigned issues can in the first instance be made only before the judge who presided at the trial or at the term when the motion for final judgment is made, or the remaining issues of fact are tried, unless the judge directs that the exceptions be heard at General Term. (Code Civ. Proc. § 1003.) And in case the motion is not so made or

directed to be heard the party to whom the verdict is adverse is, by the practice prescribed in such case, deemed to have acquiesced in the verdict upon such issues. (*Ward* v. *Warren*, 15 Hun, 600; *Chapin* v. *Thompson*, 80 N. Y. 275, reversing 18 Hun, 446; 23 id. 12, 15; 89 N. Y. 270, 274.)

As no such motion for a new trial was made or such direction given for it to be heard, the defendant is in no position to raise here, as. against the verdict of the jury, any question upon the rulings in the reception or rejection of evidence at the trial of the issues submitted to them, or as to the force or weight of the evidence in support of the verdict.

Nevertheless a careful examination of the evidence and of the exceptions taken by the defendant to the rulings upon the admissibility of evidence on the trial before the jury, leads to the conclusion that there was no error in that respect prejudicial to the defendant. At the time the issues were moved for trial before the jury, the defendant's counsel, upon affidavits, moved for a postponement of the trial, founded upon the alleged fact that she was in ill-health and unable to attend the trial at that time. This motion was addressed to the discretion of the court and was denied. The defendant was present and testified as a witness on the trial. We think there was no such abuse of the discretion of the court in the denial of the motion as to require or justify relief on this review. (*Borley* v. *Wheeler & W. Mfg. Co.*, 34 N. Y. St. Repr. 987.)

No further question seems to require the expression of consideration.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.