92 385
157a 236

GEORGE LOWENTHAL, Respondent, *v.* MARIA ELIZABETH LOWENTHAL, Appellant.

*Divorce — framing issues — the court may disregard a finding made under an erroneous direction by the court — a decision should be made.*

Where an absolute divorce is sought upon the ground of adultery, and issue is taken as to the fact of adultery, the defendant has a right to have a trial by jury of an issue framed comprehending that charge.

Where that issue has been duly tried by a jury the subsequent proceedings in the case are the same as where issues are framed for a jury trial, in actions where neither party can require such a trial as a matter of right, except that the court has no right (unless the verdict be set aside or a new trial be granted) to disregard the finding of the jury upon the issue of the alleged adultery.

Where the jury, through a misapprehension by the court, was directed to find that the plaintiff had consented to the acts of adultery, although there was no proof in the case justifying such a finding, the court may disregard the finding and find the fact according to the truth of the matter.

The court should make a decision, stating concisely the grounds upon which the issues have been decided, and direct a judgment thereon. This decision should be filed, and the defeated party is at liberty to file exceptions to it.

APPEAL by the defendant, Maria Elizabeth Lowenthal, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 26th day of June, 1895, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 13th day of May, 1895, which, among other things, granted plaintiff's motion to set aside the jury's answer to the thirteenth question submitted to it, and also from an order bearing date the 31st day of June, 1895, and entered in said clerk's office denying the defendant's motion for a new trial made upon a case containing exceptions.

*Quincy Van Voorhis,* for the appellant.

*David Hays,* for the respondent.

BRADLEY, J. :

The action is brought to obtain a divorce. Of the fourteen questions framed for trial by the jury the first one only was submitted

to them. That one related to the charge of adultery, and the jury found against the defendant on that issue. The court directed the jury to answer by their verdict the other of the questions in the negative. The jury did so. Thereafter it was discovered that the court, by misapprehending the form of the question numbered 13, directed the answer to it in effect contrary to that intended. The thirteenth was the inquiry on the subject of the consent of the plaintiff to any of the alleged acts of adultery. Upon the plaintiff's motion the answer of the jury thus directed and given to that interrogatory was set side, and judgment by order was directed for the plaintiff. The defendant's motion for a new trial, made on a case and exceptions, was denied. The right of the defendant was to have the issue taken by the answer to the charge of adultery tried by jury. (Code Civ. Proc. § 1757 ; *Conderman* v. *Conderman,* 44 Hun, 181.) It was so tried. The subsequent proceedings in such case are the same as those in which issues are framed for jury trial in a case where neither party can as of right require such a trial, except that the finding of the jury on the issue of adultery is conclusive, unless the verdict be set aside or a new trial granted. (Code, § 970.)

The court, therefore, when the action came before it for determition, and after the rendition of the verdict, could reconsider the other matters within the issues, and disregard them for the purposes of the result to be determined by the decision. ( *Whitney* v. *Whitney,* 76 Hun, 585, and cases there cited.)

There was no support in the evidence for the finding that any act of adultery of the defendant was committed with the consent, connivance, privity or procurement of the plaintiff. And the court was at liberty, in its decision following the verdict, to disregard the answer so made by the jury to that interrogatory, and determine such question to the contrary. (*Acker* v. *Leland,* 109 N. Y. 5.) The affirmative and *onus* of proof were with the defendant upon that issue. (*McCarthy* v. *McCarthy,* 143 N. Y. 235.) It follows that there was no error prejudicial to the defendant in setting aside the answer given by the jury to the thirteenth interrogatory.

The question whether the charge of adultery against the defendant was sustained by proof was one of fact for the jury. It was, by the charge of the court, fairly submitted to them, and the verdict,

as found in that respect, was warranted and supported by the evidence, to which it is unnecessary here to specifically refer. The place of the occurrence upon which the charge of adultery was made was in what was called the Hooker road, which led to land adjacent to the river.. A witness was asked by the plaintiff's counsel whether that place adjacent to the river had a reputation as a rendezvous of persons for immoral purposes. The defendant's objection was overruled and exception taken, and the witness answered in the affirmative.

While the evidence may not have been competent or relevant, it is not seen that the defendant could have been prejudiced by it. It does not appear that she and her companion went to that place adjacent to the river on the occasion referred to, or that they were there at any time, and, therefore, the character of that place could have had no pertinence, nor did it merit consideration by the jury as bearing upon the question submitted to them. It seems quite clear that such evidence must necessarily have been entirely harmless. The court was requested by the defendant's counsel to charge the jury that " a divorce should not be granted without evidence which is, after careful scrutiny, satisfactory, and can command the confidence of a careful and prudent and cautious judge or jury." This was well enough, and such instruction may properly have been given to the jury. But the charge made in answer to the request was to the effect that the question for them was whether the plaintiff's case had been proved by a fair preponderance of evidence, thus instructing the jury that the support of the charge against the defendant was dependent upon such preponderance of evidence, was all that the court was legitimately required to charge on the subject of the request. No error, therefore, can be predicated upon the exception to the refusal or failure of the court to charge as requested.

The final completion of the trial in such a case as this should be represented by a decision of the court. And the decision may state concisely the grounds upon which the issues have been decided and direct judgment thereon. (Code Civ. Proc. § 1022.)

In the present case an order was made by the court directing judgment in favor of the plaintiff for the relief demanded in the complaint. The decision provided for by the statute last cited is to be made and filed, and the defeated party is at liberty to file

exceptions to it. The order referred to is not the decision contemplated by the statute. The plaintiff's attorney may deem it necessary to obtain from the trial court a decision and file it with a view to completely perfecting the judgment. And whether the defendant may or not thereupon file exceptions and take another appeal from the judgment, it is not now necessary here to inquire. Instead of making a motion on the ground of alleged irregularity in that respect the defendant has appealed from the judgment as well as from the order denying the motion for a new trial and the order granting the plaintiff's motion to set aside the answer of the jury to the thirteenth interrogatory, and we have considered the case on the merits and reached the conclusion that there was no error at the trial to the prejudice of the defendant and that the judgment and orders should be affirmed.

LEWIS and ADAMS, JJ., concurred; WARD, J., not voting.

Judgment and orders affirmed.