■ ANGELO J. RUDER, Respondent, v. LINCOLN ROCHESTER TRUST COMPANY, as Executor and Trustee of the Will of ERNEST L. BUTTON, Deceased, Appellant.— Judgment and order unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party. Memorandum: This action was brought to compel specific performance of an alleged contract for the sale and purchase of shares of stock of a corporation. "The remedy of the specific performance of contracts is purely equitable, given as a substitute for the legal remedy of compensation, whenever the legal remedy is inadequate or impracticable". (4 Pomeroy, Equity Jurisprudence [5th ed.], § 1401, p. 1033.) Such an action is triable, of course, before the court but either party may move within 20 days after issue is joined for the trial of specified questions of facts. (Civ. Prac. Act, §§ 425, 430; Rules Civ. Prac., rule 157). The trial of such specified issues, if ordered, is preliminary to the final trial, determination and disposition of the other and entire issues by the court. (*Whitney* v. *Whitney,* 76 Hun 585.) The court is not bound by the jury verdict but may adopt the findings, modify them or render a decision as though the trial had taken place without a jury. The verdict of the jury is merely advisory. (6 Carmody-Wait, New York Practice, § 6, p. 179.) For some inexplicable reason all of this was ignored by the trial court and respective counsel. The case was treated as one solely for determination by a jury. At the close of plaintiff's case, there were lengthy arguments as to what issues of fact, if any, were present. Finally, two questions were submitted to the jury. In a subsequent memorandum the trial court, while impliedly questioning the correctness of the jury's findings, held that the verdict was binding upon the court, denied a motion to set it aside and directed specific performance. Counsel for both parties went along with this unorthodox and erroneous procedure. All of this, of course, was contrary to the well-recognized principles and rules, heretofore enunciated, for the trial and decision of an equity case. There should be a new

trial. (Appeal by defendant from judgment and order of Genesee Trial Term adjudging specific performance of a contract to sell and transfer to plaintiff shares of stock in Le Roy Retail Liquor Store, Inc.)  Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.