■ RICHARD M. BUCK CONSTRUCTION CORPORATION, Respondent, v 200 GENESEE STREET CORP., Appellant. RICHARD M. BUCK CONSTRUCTION CORPORATION, Respondent, v 200 GENESEE STREET CORPORATION et al., Appellants. — Judgment unani-

mously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants appeal, after a combined trial of a contract action and a mechanic's lien foreclosure action, from a judgment which, among other things, decrees that plaintiff has valid and subsisting liens in the sum of $123,000, plus interest in the amount of $35,875.98, for its construction management claim and $40,302.21, with interest in the amount of $11,755.10, for its masonry contract claim, amounting in all to a total lien in the sum of $210,933.29. We agree with defendants that the verdicts rendered by the jury should have been treated by the trial court as advisory only pursuant to CPLR 4212 (*see, Ruder v Lincoln Rochester Trust Co.,* 18 AD2d 763). Plaintiff filed notes of issue in both actions indicating that the cases were triable without a jury. There is no indication that plaintiff ever sought to amend these notes of issue or to demand a jury trial. Nor is there any stipulation or agreement in the record under which defendants became bound to accept the verdicts as anything other than advisory.

Accordingly, we review the evidence in the record as if the appeal here was from a judgment rendered by the court after a nonjury trial in which the jury has rendered advisory verdicts. We find that there is sufficient evidence so that we may make the appropriate final disposition pursuant to CPLR 5522 and that a remittal is unnecessary (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5522:1, pp 222-223). We reject defendants' contention that no weight should be accorded the opinion evidence of plaintiff's expert concerning the value and percentage of completion of plaintiff's construction management services. In his direct testimony, an expert need not specify the data upon which his opinions are based or give his reasons therefor (*see,* CPLR 4515; *Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414). In any event, here plaintiff's witness was prevented by defendants' objections from explaining the foundation for his opinions. Based on our analysis of the record we find that the jury verdict of $123,000 with respect to the construction management services is fully supported by the evidence and we adopt it as our finding. We affirm, therefore, so much of the judgment as pertains to the construction management lien for $123,000, together with the interest thereon.

The judgment is modified, however, with respect to the masonry contract lien by reducing the net amount due plaintiff by $9,000, the additional amount which we find from the evidence the court should have allowed to defendants on their counterclaim for the cost of reconstructing certain concrete block walls

which had been defectively built. There is no question that reconstruction of these walls was necessary, that plaintiff performed this work at the direction of the Urban Development Corporation or that the work was charged to the owner as part of the cost plus contract. Defendants' proof that $9,000 was the reasonable cost of reconstructing the walls was not abutted and we accept it. The masonry contract lien, therefore, is reduced to $31,302.21, plus the amount of interest to be recomputed on that reduced sum. The total amount of the lien is reduced accordingly. (Appeal from judgment of Supreme Court, Oneida County, O'Donnell, J. — mechanic's lien.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.